MRS. MARGARET T. BURNS, ADMINISTRATRIX OF THE ESTATE OF BEVERLY J. BURNS, DECEASED, v. A. H. GARDNER AND WIFE, LEILA S. GARDNER.

(Filed 10 October, 1956.)

**Negligence § 4b—**

> The maintenance of an unenclosed pond or pool on one's premises is not negligence, and where there is no evidence that the owners of the land permitted children to play on or around the pond, either expressly or impliedly, the owners may not be held liable on the ground of negligence for the drowning of a small child in the pond or lake.

JOHNSON, J., not sitting.

APPEAL by plaintiff from *Campbell, J.,* 9 April, 1956, Schedule B Civil Term, of MECKLENBURG.

Upon former appeal, this Court, the six members then sitting being evenly divided, affirmed a judgment overruling defendants' demurrer to the complaint.    *Burns v. Gardner,* 242 N.C. 731, 89 S.E. 2d 424.    A summary of plaintiff's allegations was stated in connection with said former appeal.

At trial, at the close of plaintiff's evidence, defendant moved to dismiss as in case of nonsuit.    The court allowed the motion and judgment of involuntary nonsuit was signed and entered.    Plaintiff excepted and appealed.

*Guy T. Carswell and George J. Miller for plaintiff, appellant.*
*Charles W. Bundy for defendants, appellees.*

PER CURIAM.    When the cause was here on former appeal, three members of the Court were of opinion that plaintiff's allegations, liberally construed, sufficiently alleged negligence to justify the overruling

of the demurrer. Upon consideration of plaintiff's evidence, we are unanimously of the opinion that such evidence, taken in the light most favorable to plaintiff, is insufficient to warrant submission to the jury of an issue as to actionable negligence of defendants.

"A person has the right to maintain an unenclosed pond or pool on his premises. It is not an act of negligence to do so." *Lovin v. Hamlet,* 243 N.C. 399, 402, 90 S.E. 2d 760, and cases cited.

Nothing appears in the evidence to show that children played in or about defendants' pond or lake *with their permission,* express or implied. The testimony of certain school children, witnesses for plaintiff, who had trespassed on defendants' premises on certain occasions to play in or about the pond or lake, shows plainly that whenever they were *caught* by defendants they were warned of the danger and ordered to keep away. Their testimony is to the effect that they knew they had no business in or about the pond or lake and made their visits when defendants were away from home or otherwise unaware of their presence.

The drowning of the child upon stepping into the pond or lake stirs the sympathetic concern of all; but, upon the evidence offered, it does not appear that this tragedy can be attributed to actionable negligence on the part of the defendants. Hence, the judgment of involuntary nonsuit must be

Affirmed.

JOHNSON, J., not sitting.