EDWARD WILSON, SR. v. TOM BRIGHT AND WIFE, BERTIE H. BRIGHT
AND
ED WILSON, JR., BY HIS NEXT FRIEND, A. D. WARD v. TOM BRIGHT AND WIFE, BERTIE H. BRIGHT.

(Filed 20 September, 1961.)

1. Trial § 26—

The allegations were to the effect that infant-plaintiff was riding his bicycle on his right side of the road and the evidence was to the effect that the child was astride his bicycle reaching to pick up his shoe, and the evidence was confused as to whether the child was on the right or the extreme right of the road or whether he was near the center. *Held:* The variance relates to mere detail and is insufficient to warrant nonsuit. G.S. 1-168.

**2. Automobiles § 42m; Negligence §§ 11, 26—**

A nine year old boy is rebuttably presumed incapable of contributory negligence, and therefore nonsuit may not be entered on the ground of his contributory negligence.

**3. Trial § 21—**

Evidence of defendant in conflict with that of plaintiff may not be considered on the question of nonsuit.

**4. Automobiles §§ 13, 41j—**

Evidence tending to show that defendant's car skidded for some 30 feet in a straight line on a dirt road and then skidded sidewise some 15 steps is sufficient to permit an inference of negligence in operating the vehicle in such manner as to cause the sidewise skid.

**5. Automobiles § 41m—**

Evidence that the driver of the car travelling along a dirt road some 18 feet wide, skidded in a straight line some 30 feet and then sidewise some 15 steps, hitting a child on his bicycle just after the child had entered the road from an intersecting 10-foot lane, with physical facts permitting the inference that the car struck the boy in its skid sidewise, *is held* sufficient to take the case to the jury on the issue of the driver's negligence.

APPEAL by defendants from *Cowper, J.,* February, 1961, Civil Term, CRAVEN Superior Court.

These civil actions were consolidated and tried together. They involve the personal injury to Ed Wilson, Jr., as the result of a collision between his bicycle and the Plymouth automobile owned by defendant Tom Bright and driven by his wife, the defendant Bertie H. Bright. Ed Wilson, Sr., instituted the first action to recover the medical and hospital expenses incurred in the treatment of his minor son's injuries. Ed Wilson, Jr., by his Next Friend, instituted the second action to recover damages for his personal injuries.

The pleadings raise issues of negligence, contributory negligence, and damages. After hearing the evidence offered by both parties, the jury found all issues in favor of the plaintiffs and awarded Ed Wilson, Sr., $2,082.36 and Ed Wilson, Jr., $2,000. The defendants made timely motions for judgments of involuntary nonsuit and excepted to the court's refusal to allow them. From judgments on the verdicts, the defendants appealed.

*Kennedy W. Ward, for plaintiffs, appellees.*
*Whitehurst & Henderson, By R. E. Whitehurst, for defendants, appellants.*

HIGGINS, J. This appeal presents identical questions in each case:

(1) Is there a fatal variance between the allegations and the proof?

(2) Was the evidence sufficient to survive the motions for nonsuit?

The complaints allege that Mrs. Bright operated the Plymouth over a dirt road carelessly and negligently at an excessive rate of speed and in such manner as to endanger the plaintiff; that she failed to keep the vehicle under proper control and failed to keep a proper lookout when she knew, or should have known, that children were accustomed to play on the road. The defendants contend the evidence fails to support the allegations of the complaint in that, "the infant-plaintiff claims to have been on his right side of the road riding a bicycle headed east, when the plaintiff's own evidence showed the plaintiff to have been standing on his extreme right-hand side of the road looking for a shoe and not observing traffic when he was injured. Additional evidence of the plaintiff . . . shows the infant plaintiff to have been on or near the center of the road at the time of the impact."

The evidence of the parties fixes the scene of the accident near the point where a path or lane ten feet wide made a T-intersection into a rural dirt road 18 feet wide. Ed Wilson, Jr., on his bicycle, entered the dirt road from the lane at this T-intersection. Whether at the time of impact he was pedaling his bicycle, had stopped it to pick up his shoe, was on the right, or on the extreme right of the road, or whether he was at or near the center, are matters of mere detail insufficient to constitute a fatal variance. G.S. 1-168; *Litaker v. Bost,* 247 N.C. 298, 101 S.E. 2d 31; *Dennis v. Albemarle,* 242 N.C. 263, 87 S.E. 2d 561; *Spivey v. Newman,* 232 N.C. 281, 59 S.E. 2d 844.

In passing on the sufficiency of the evidence to go to the jury, we need not consider contributory negligence. At the time of the accident the infant plaintiff was nine years of age. Consequently, whether he was capable of contributory negligence presented a jury question with the rebuttable presumption that he was incapable. Nonsuit on the ground of contributory negligence was not permissible. *Adams v. Board of Education,* 248 N.C. 506, 103 S.E. 2d 854; *Walston v. Greene,* 247 N.C. 693, 102 S.E. 2d 124.

The minor plaintiff testified he rode his bicycle from his aunt's home down the road, then over the path or lane to the church and back to the dirt road. "I had just entered and started to turn around when my shoe came off. I was on the right-hand side of the road. The last thing I remember was reaching for my shoe."

W. D. Parrish, Highway Patrolman, testified: "I found a 1955 Plymouth which had been heading west, sitting with the front end in the ditch heading south, on the left side of the road. . . . I found a bicycle lying on the right side of the car torn up. . . . I found skid

marks for approximately . . . 30 feet; they were going in a straight line, then into a side skid . . . it looked as if about the time she got into the complete side skid, she hit the bike; after that the car went for 15 more steps into a side skid. . . . I would say the car was skidding down in the center of the road, and the bike was struck on the right front of the car. . . . The point of impact was just slightly east or north directly in front of the path; was more to the car's left side . . . either near the center or maybe some . . . to the left of it . . . left of the center of the road."

Mrs. Bright testified: "Just before I got to the path, I would say half a car's length — I saw the little boy ride out in front of the car. . . . He won't at any particular place I mean on the road . . . he was just riding, pedalling his bike . . . there was no other traffic that day."

There were other circumstances detailed in the evidence more or less bearing on the accident. Evidence favorable to the defendant was for jury consideration. We are not permitted to consider it on the question of nonsuit. *Wall v. Bain,* 222 N.C. 375, 23 S.E. 2d 330.

The evidence in its entirety paints a somewhat confused picture. Mrs. Bright's testimony as to the point of impact and the distance she traveled after she saw the boy "pedalling his bike," (half a car's length) is at variance with the physical facts as testified to by the patrolman. The evidence permits the inference that the Plymouth in its skid sidewise struck the boy. It seems obvious that a Plymouth automobile in a sidewise skid on a road 18 feet wide left very little room by which a boy on a bicycle might escape. Operating the vehicle in such manner as to cause the sidewise skid permits an inference of driver negligence. The evidence and the permissible inferences from it are sufficient to take the case to the jury and to support the verdicts. *Hutchens v. Southard,* 254 N.C. 428, 119 S.E. 2d 205; *Drum v. Bisaner,* 252 N.C. 305, 113 S.E. 2d 560; *Austin v. Austin,* 252 N.C. 283, 113 S.E. 2d 553.

After hearing the evidence and the court's charge, to which there was no objection, the jury resolved the controversy in favor of the plaintiffs. In the trial we find

No error.