WILLIE M. BELL, ADMINISTRATOR OF THE ESTATE OF RICHARD LEWIS BELL, DECEASED, v. WILLIAM H. PAGE.

(Filed 20 September, 1967.)

1. **Negligence § 24—**

On motion to nonsuit on the issue of negligence, all the evidence must be considered in the light most favorable to the plaintiff, and defendant's evidence in conflict with plaintiff's evidence must be disregarded.

2. **Negligence § 4—**

It is not an act of negligence for a person to maintain an unenclosed pond or pool on his premises.

3. **Negligence §§ 36, 39—**

Evidence tending to show that the defendant maintained an unfenced swimming pool on his motel property in violation of a municipal ordinance requiring such pool to be fenced or an employee kept on duty at all times, and that the body of plaintiff's intestate, a nine-year old boy, was found in ten feet of water, and that the cause of death was drowning, *held* sufficient to permit a finding by the jury that the violation of the ordinance was a proximate cause of intestate's death, and therefore was sufficient to be submitted to the jury, notwithstanding intestate was a trespasser.

4. **Criminal Law § 1—**

The violation of a municipal ordinance is a misdemeanor. G.S. 14-4.

5. **Negligence §§ 1, 7—**

Where a municipal ordinance imposes a public duty and is designed for the protection of life and limb, a violation thereof is negligence *per se*, but in order for liability to arise for actionable negligence, it must be

established that such violation was a proximate cause of the alleged injury.

**6. Negligence §§ 16, 26—**

Since a child between the ages of seven and fourteen is rebuttably presumed incapable of contributory negligence, nonsuit may not be entered on the ground of such child's contributory negligence.

APPEAL by plaintiff from *Bundy, J.,* May 1967 Session of BEAUFORT.

Plaintiff, as administrator of Richard Lewis Bell, plaintiff's nine-year-old son, instituted this civil action May 26, 1966, to recover damages on account of his intestate's death by drowning on July 7, 1965, allegedly caused by the negligence of defendant.

On July 7, 1965, and prior thereto, defendant owned and operated a motel business in Washington, North Carolina, known as the Washington Motel, including a swimming pool located on said motel premises.

Uncontradicted evidence tends to show the body of intestate, hereafter referred to as Richard, when discovered about 1:50 p.m., was "down in the 10 feet water" in defendant's said pool, and that the cause of his death was drowning.

Plaintiff alleged, *inter alia,* that Richard's death was proximately caused by defendant's failure to comply with the legal duty imposed upon him by Article VIII, Section 3, Subsection (g) of the ordinances of the City of Washington, North Carolina, adopted May 11, 1964, and in full force and effect on July 7, 1965. This ordinance, offered in evidence, provides:

"(g)   All swimming pools to be constructed or which are already constructed shall be enclosed by a fence which shall be at least four (4) feet in height and which shall be of a type not readily climbed by children.

"The gates shall be of a self-closing and latching type with the latch on the inside of the gate, not readily available for children to open. Provided, however, that if the entire premises of the residence is enclosed, then this provision may be waived by the Building Inspector upon inspection and approval of the residence enclosure. Provided that this section shall not apply to Commercial Swimming Pools operated under the following conditions:

"1.   That the owner or operator of a commercial swimming pool has at least one employee on duty 24 hours a day, whose duty it will be, among other things, to watch the pool.

"2.   That the principal work of this employee be located where he can clearly see the entire pool.

"3.   That the pool area be sufficiently lighted to enable the employee on duty to see anyone in the immediate area."

Defendant denied all of plaintiff's essential allegations; and, as

a further defense, defendant pleaded conditionally the (contributory) negligence of Richard as a bar to plaintiff's action.

Evidence was offered by both plaintiff and defendant.

At the conclusion of all the evidence, the court, allowing defendant's motion therefor, entered judgment of involuntary nonsuit. Plaintiff excepted and appealed.

*LeRoy Scott for plaintiff appellant.*
*Rodman & Rodman for defendant appellee.*

BOBBITT, J. Although the complaint contains general allegations that defendant's swimming pool was attractive to children, there is neither allegation nor evidence that children other than guests of the motel had permission, express or implied, to go upon defendant's motel premises. Defendant's allegations and evidence are to the effect that such children, including Richard, had been given positive warning not to come upon defendant's motel premises and particularly to keep away from the pool.

"A person has the right to maintain an unenclosed pond or pool on his premises. It is not an act of negligence to do so." *Lovin v. Hamlet,* 243 N.C. 399, 402, 90 S.E. 2d 760, 763, and cases cited; *Burns v. Gardner,* 244 N.C. 602, 94 S.E. 2d 591.

Upon the present record, whether the court erred in entering judgment of involuntary nonsuit depends upon whether the evidence, when considered in the light most favorable to plaintiff, was sufficient to permit and support a finding that the violation by defendant of said ordinance proximately caused Richard's death.

All the evidence tends to show defendant's swimming pool was not enclosed by a fence of any kind. Defendant was maintaining said swimming pool in violation of the ordinance unless it was "a commercial swimming pool" within the meaning of the ordinance *and* unless defendant (1) had at least one employee on duty twenty-four hours a day, whose duty it was, among other things, to watch the pool, and (2) the principal work of this employee was located where he could clearly see the entire pool. Since it was available for use by all persons who became patrons of the motel, we are in accord with the views expressed by counsel for both plaintiff and defendant that defendant's pool must be considered "a commercial swimming pool" within the meaning of said ordinance. Hence, whether the maintenance by defendant of an unenclosed commercial swimming pool constituted a violation of the ordinance depends upon whether defendant complied with the two conditions stated above.

Plaintiff offered evidence tending to show: The pool was "30 or

40 foot" long. There was shrubbery around the pool "about 3 or 4 foot high." From the motel office, you could see through the shrubbery only "about three or four foot" of the pool. Statements made by defendant to plaintiff included the following: He didn't have anybody to watch the pool because he did not need anybody. He had been bothered with children coming up there and had run them away. He did not have any employee on duty twenty-four hours a day whose duty it was among other things to watch the pool. Plaintiff's evidence was sufficient to permit and support a finding that defendant's pool was maintained in violation of said ordinance.

Evidence offered by defendant tends to show (1) he did not make the statements attributed to him, and (2) he had an employee whose principal duty was to watch the pool, and (3) Richard entered the motel premises when no one was at the pool, defendant's said employee being absent for approximately ten or fifteen minutes. However, this evidence, since it contradicts that offered by plaintiff, is not for consideration in determining whether judgment of involuntary nonsuit should have been entered. Nor is it necessary or appropriate to consider whether, if the facts are as defendant's evidence tends to show, there was a violation of said ordinance. The gravamen of the complaint and of plaintiff's evidence is that defendant had *no* employee whose duty it was to keep watch at the pool, as distinguished from negligence on the part of such employee.

Defendant contends, and we agree, all the evidence tends to show Richard was a trespasser. See *Dean v. Construction Co.*, 251 N.C. 581, 587, 111 S.E. 2d 827, 831. Under the common law, the legal duty owned to trespassers is "that they must not be willfully or wantonly injured." *Jessup v. R. R.*, 244 N.C. 242, 93 S.E. 2d 84. Here, plaintiff bases his action on the legal duty imposed on defendant by the terms of said ordinance. The primary purpose and intent of said ordinance in imposing such legal duty on persons maintaining swimming pools was to provide protection for children without reference to whether they were legally entitled to use the pool.

It is noted that the violation of a municipal ordinance is a misdemeanor. G.S. 14-4.

Applicable legal principles established by our decisions are as follows: The violation of a municipal ordinance imposing a public duty and designed for the protection of life and limb is negligence *per se*. However, to impose liability therefor it must be established that such violation proximately caused the alleged injury. The general definition of proximate cause, including the element of foreseeability, is applicable in determining whether the violation of such ordinance constitutes actionable negligence. *Ledbetter v. English*, 166 N.C. 125, 81 S.E. 1066; *Ham v. Fuel Co.*, 204 N.C. 614, 169 S.E.

180; *Aldridge v. Hasty,* 240 N.C. 353, 82 S.E. 2d 331; *McNair v. Richardson,* 244 N.C. 65, 92 S.E. 2d 459; *Smith v. Metal Co.,* 257 N.C. 143, 125 S.E. 2d 377.

"What is the proximate or a proximate cause of an injury is ordinarily a question for a jury. It is to be determined as a fact from the attendant circumstances. Conflicting inferences of causation arising from the evidence carry the case to the jury." *Short v. Chapman,* 261 N.C. 674, 680, 136 S.E. 2d 40, 45.

There was evidence from which it may be inferred that Richard came to defendant's pool on a bicycle, wearing swim trunks, and that he either jumped or fell into an unfenced and unguarded pool where the water was ten feet deep and drowned. Under these circumstances, whether the violation of said ordinance, if such occurred, was a proximate cause of Richard's death is for determination by the jury.

Under our decisions, a person between the ages of seven and fourteen may not be held guilty of contributory negligence as a matter of law. "Whether he (is) capable of contributory negligence presents an issue for a jury, because there is a rebuttable presumption that he (is) incapable." *Hamilton v. McCash,* 257 N.C. 611, 619, 127 S.E. 2d 214, 219. Accord: *Wilson v. Bright,* 255 N.C. 329, 331, 121 S.E. 2d 601, 603, and cases cited; *Wooten v. Cagle,* 268 N.C. 366, 150 S.E. 2d 738. Under the evidence, the issue of contributory negligence raised by the pleadings is for determination by the jury.

We are advertent to the fact that plaintiff's case rests in substantial part on plaintiff's testimony as to statements made to him by defendant. Defendant categorically denied that he made such statements to plaintiff. However, we cannot accept defendant's contention that plaintiff's said testimony should be rejected. Cases cited by defendant have been considered and are distinguishable.

In *State v. Cope,* 240 N.C. 244, 81 S.E. 2d 773, cited by defendant, it was held that an extrajudicial confession must be corroborated by other evidence which at least establishes the *corpus delicti* in order to be sufficient to sustain conviction of a felony. Here, plaintiff is not relying solely on declarations made by defendant. The heart of plaintiff's case is the stark fact that the lifeless body of a boy was found in defendant's unfenced and unguarded pool. Moreover, the present factual situation does not fall within the rule that verbal testimony may be rejected if inherently impossible under the *undisputed* physical facts. Compare *Jones v. Schaffer,* 252 N.C. 368, 378, 114 S.E. 2d 105, 112. While we express no opinion as to the credibility of the testimony, the statements attributed to defendant are considered both relevant and competent in respect of what was

done, if anything, to comply with the ordinance and thereby minimize the risks of serious and fatal accidents.

For the reasons indicated, the judgment of involuntary nonsuit is reversed.

Reversed.