CHARLES McLEAN, Administrator of Estate of PIERCE LEE McLEAN, v. JOE E. WARD.

(Filed 10 July 1968.)

1. Negligence § 51—

It is not negligence for a person to maintain an unenclosed pond or pool on his premises.

McLean *v.* Ward.

**2. Same—**

   When a person maintains an unenclosed pond on his property which is attractive to children of tender years and the owner knows or by the exercise of reasonable care should know that children frequently play there, and the owner does nothing to prevent such use but condones the children's use of the pond, it is incumbent upon the owner to provide such children reasonably adequate protection against injury.

**3. Same—**

   Where there is no evidence that the owner of a private pond maintained for irrigation purposes permitted children to play around the pond, either expressly or impliedly, but the evidence shows that the owner had requested that they not be permitted to do so and had warned their parents to keep them away, the owner may not be held liable on the ground of negligence for the drowning of a small child in the pond.

APPEAL from *Clark, J.,* February 1968 Civil Session, COLUMBUS Superior Court.

At the close of the plaintiff's evidence, the defendant moved for judgment as of nonsuit. The motion was allowed.

On 16 June 1964 Pierce Lee McLean, the four year old son of Charles McLean and wife, Annie Mae McLean, lost his life by drowning in a pond located on the defendant's farm.

The pond was located from four to five-tenths of a mile from a main traveled public road. There was a private farm road that went down to the tenant house furnished by the defendant to the Charles McLean family. This private road went by the pond and at its nearest point was some fifty feet away.

Between the private road and the pond there were bushes and undergrowth so that the pond itself could not be seen.

The pond was stocked with fish and the water from the pond was used for irrigation purposes. There was no fence or other barrier around the pond. The pond was something like 100 feet long and 50 feet wide. At its deepest point it was some 10 feet in depth.

Charles McLean, Jr., the ten year old brother of the deceased, testified as to the events:

"On this afternoon, my father told me something about a bait bucket. He told me to do down to the fish pond and get the bait bucket. I knew where the bait bucket was. The bait bucket was around on the back of the pond. When my father told me to go get the bait bucket, my little brother Pee Wee (the deceased) was with me. I remember at that time my father said something to Pee Wee. He told him to stay back to the house. After my father told me to get the bait bucket, I went on down there. My little brother went with me. I left him down there at the other end of the fish pond.

"When I left the house there was a path that went down to the

pond. Pee Wee and I took that path. I left Pee Wee there at the pond, and when I left him to go around and get the bait bucket he was throwing in the water. When he was throwing in the water, he was not standing in the little path. There was a clear space out there, and he was standing up in it. When I left to go around to get the bait bucket, he was about three and a half or four feet from the water. I left him there throwing things in the pond and I went around the pond to get the bait bucket. When I came back down to the end of the fish pond where he was he was in the water. I saw his hand in the water and it was up in the air. When I saw this I ran to the house and told my mama Pee Wee was drowned."

*Williamson & Walton by Benton H. Walton, III, Attorneys for plaintiff appellant.*
*Hogue, Hill & Rowe by William L. Hill, II, Attorneys for defendant appellee.*

CAMPBELL, J. In the case of *Hedgepath v. Durham,* 223 N.C. 822, 28 S.E. 2d 503, it was held that a person has the right to maintain an unenclosed pond or pool on his premises. It is not an act of negligence to do so. When, however, a person exercises this right, and children of tender years are attracted thereto, and it becomes a common resort of persons of tender years to go there to play, and the owner knows this or by the exercise of ordinary care should know this, and the owner does nothing to prevent it or forbid it and by his conduct and actions permits such an unenclosed pond or pool to be used by children of tender years, then it is incumbent upon such owner to provide reasonably adequate protection against injury. Failure to do so constitutes an act of negligence. *Barlow v. Gurney,* 224 N.C. 223, 29 S.E. 2d 681.

Where, however, the owner of a private pond or lake does not permit children to play in it and does not give permission to do so either express or implied, there is no actionable negligence from the mere ownership of such a pond or pool.

In the instant case, the pond was an ordinary farm pond maintained for irrigation purposes. The defendant owner did not give permission either expressly or impliedly for children to play about the pond. Charles McLean, the father of the deceased child, testified:

"I have seen Mr. Ward down in the area of the pond. I saw him down there almost every day. I have seen children playing, I mean, down there at the pond. I have never seen any children down there at any time when Mr. Ward went by. * * *

"Mr. Ward had said something to me about the children being down there. He had told me to keep them away from there. He told me to keep the children away from the pond. I would say that he told me that four or five times. I remember him telling me. At the time he told me that I do not remember whether or not there were any children at the pond when he was down there. No sir, there wasn't no children at the pond. As to what I would do to keep my children away from the pond, and in particular, this little boy, every time that I would catch them anywhere near the pond, I would whip them. I had whipped this child, Pierce Lee McLean, for going to the pond."

The mother of the deceased, likewise, testified that the defendant had told her when he had seen the children playing near the pond at a time when water was being taken from the pond for irrigation purposes, "(a)nd so Mr. Ward told us, says, Annie Mae, you and Charles keep them younguns from this pond because it is extremely dangerous."

All of the evidence tended to show that the defendant owner, not only did not permit children to play in or near the pond, but he expressly requested that they not be permitted to do so and had warned their parents to keep them away.

This case is controlled by the decision in *Burns v. Gardner*, 244 N.C. 602, 94 S.E. 2d 591, wherein it is stated:

"The drowning of the child upon stepping into the pond or lake stirs the sympathetic concern of all; but, upon the evidence offered, it does not appear that this tragedy can be attributed to actionable negligence on the part of the defendants."

Hence, the judgment of involuntary nonsuit must be

Affirmed.

BRITT and MORRIS, JJ., concur.