Gray v. Clark

tains a direction that it be filed with the clerk of Superior Court of Gaston County and made a part of the minutes of the trial of the case of *State v. Fite*. Petition for writ of certiorari to review this order of Judge Beal dated 10 June 1971 was allowed by the Court of Appeals on 8 July 1971.

*Attorney General Robert Morgan by Associate Attorney General Richard B. Conley for the State.*

*Garland, Alala, Bradley & Gray by Joseph B. Alala, Jr., and Charles D. Gray III; and Lassiter & Walker by William C. Lassiter and James H. Walker for defendant appellants.*

___

CARL R. GRAY v. JESSE B. CLARK AND WIFE, JEANNE W. CLARK

No. 7126SC589

(Filed 15 December 1971)

Animals § 2— collision between motorcycle and dog — municipal ordinance prohibiting keeping dog which chases vehicles — scienter

In this action to recover for personal injuries sustained when plaintiff motorcyclist collided with a dog owned by defendants, the trial court erred in instructing the jury that before the defendants could be found to have violated a municipal ordinance making it unlawful to keep within the municipality a dog which habitually or

repeatedly chases, snaps at, attacks or barks at pedestrians, bicyclists or vehicles, the jury must find from the evidence that defendants knew or in the exercise of due care should have known that their dog was of the type described in the ordinance, since scienter is not an essential element of the unlawful conduct proscribed by the ordinance.

APPEAL by plaintiff from *Thornburg, Judge,* 22 February 1971 Special Civil Session of Superior Court held in MECKLENBURG County.

Action to recover damages for personal injuries sustained by plaintiff when the motorcycle he was riding on a public street in the City of Charlotte collided with defendants' dog. Plaintiff alleged that defendants violated Section 3-22 of the Code of the City of Charlotte, which provides, in part, as follows:

"ACTS DEEMED PUBLIC NUISANCE. It shall be unlawful for any dog owner to keep or have within the City a dog that habitually or repeatedly chases, snaps at, attacks or barks at pedestrians, bicyclists or vehicles, . . . or conducts itself so as to be a public nuisance. . . . "

The first trial of this case resulted in a directed verdict for defendants. Upon appeal, this Court reversed, holding: (1) that Section 3-22 of the Code of the City of Charlotte was within the police power of the municipality; and (2) that the evidence, when considered in the light most favorable to plaintiff, was sufficient to entitle the plaintiff to have the jury pass on the question whether the defendants violated Section 3-22 by keeping within the corporate limits of the municipality a dog which habitually or repeatedly chased, snapped at, attacked or barked at pedestrians, bicyclists or vehicles, and if so, whether such violation was a proximate cause of plaintiff's injuries. *Gray v. Clark,* 9 N.C. App. 319, 176 S.E. 2d 16. Petition for certiorari was denied by the Supreme Court, 277 N.C. 351 (November 1970).

Upon a second trial, the case was submitted to the jury upon issues of negligence, contributory negligence, and damages. The court instructed the jury that before the defendants could be found to have violated the Ordinance, the jury must find from the evidence that defendants knew or in the exercise of due care should have known that their dog was of the type described in the Ordinance.

The jury answered the first issue in the negative. From judgment on the verdict that plaintiff recover nothing of defendants, plaintiff appealed, assigning as error the above instruction to the jury.

*Don Davis for plaintiff appellant.*

*Carpenter, Golding, Crews & Meekins by John G. Golding, for defendant appellees.*

PARKER, Judge.

Section 3-22 of the Code of the City of Charlotte makes it "unlawful for any dog owner to keep or have within the City" a dog of the type described. Nothing in the Section restricts its application to those dog owners who know or in the exercise of due care should know that their dogs are of that type. *Scienter* is not an essential element of the unlawful conduct proscribed by the Ordinance. It was, therefore, error for the trial court to add such a requirement, and appellant's assignment of error to the court's instruction to the jury must be sustained. *Sink v. Moore,* 267 N.C. 344, 148 S.E. 2d 265, cited and relied on by defendants, is not here controlling. In *Sink* our Supreme Court was dealing with the common law rule applicable to the owner or keeper of a dog and no statute or city ordinance was involved. Under the common law rule, to recover for injuries inflicted by a domestic animal it was necessary to show not only that the animal was dangerous but also that the owner or keeper knew or should have known of its vicious propensity. Under the City Ordinance here involved, proof of *scienter* is not required.

On the previous appeal of this case, this Court held that the City had authority to adopt Section 3-22. The opinion viewed the Ordinance as having been enacted for the safety and protection of the public, so that its violation is negligence *per se,* citing *Bell v. Page,* 271 N.C. 396, 156 S.E. 2d 711. Appellees now strongly urge that we reconsider our previous decision, vigorously contending both that the City lacked power to enact the Ordinance and that, even if it had such power, nothing in the Ordinance demonstrates that it was enacted for the public safety. In view of the fact that our Supreme Court denied appellees' petition for writ of certiorari to review our previous decision, we do not think it proper for this Court now to undertake such a review. Moreover, in our opinion appellees' counsel

views the Ordinance too narrowly; in these days of congested city streets a dog which "habitually or repeatedly" chases passing vehicles can add substantially to traffic hazards.

While plaintiff's evidence was meager that defendants' little dog was of the type described in the Ordinance, when viewed in the light most favorable to the plaintiff the evidence was sufficient to require submission of the case to the jury.

For the error above noted in the court's charge to the jury, plaintiff is entitled to a

New trial.

Judges BRITT and MORRIS concur.