EVELYN HILDRETH HALL v. ALEXANDER H. HALL

No. 7720DC400

(Filed 21 March 1978)

1. **Appeal and Error § 2— contention not raised in court below**

   A contention not raised in the court below may not be raised for the first time on appeal.

2. **Husband and Wife § 11.2— meaning of "single" in separation agreement**

   The term "single" as used in a separation agreement was not ambiguous and could not be interpreted as meaning "alone" but clearly meant "unmarried."

APPEAL by defendant from *Huffman, Judge.* Judgment entered 5 January 1977, in District Court, ANSON County. Heard in the Court of Appeals 1 March 1978.

In August 1976, plaintiff filed a complaint alleging that on 9 October 1973 she and defendant entered into a separation agreement under which defendant agreed to pay plaintiff the sum of $300 per month and that, from March through August 1976, defendant refused to pay more than $200 per month. Plaintiff prayed for judgment that the contract between the two was valid and enforceable, for judgment against defendant for the sum of $100 per month from March 1976, and for reasonable attorney's fees.

Defendant, in his answer, admitted the 9 October 1973 agreement and his payments of only $200 per month for the months March through August 1976. He alleged as defenses that the separation agreement was so vague as to be unenforceable, that plaintiff had violated the terms of the separation agreement by living with another man, and that the parties were divorced in November 1974, thereby terminating plaintiff's right to alimony under North Carolina law.

Plaintiff then filed a motion to strike defendant's defenses and for an order under the Uniform Declaratory Judgment Act (G.S. 1-253 *et seq.*) setting forth the rights of the parties. In a 5 January 1977 judgment, the court found that the only issue involved was the interpretation of the contract and the rights of the parties thereunder. The court also found that the controversy

was justiciable and determinable under the Uniform Declaratory Judgment Act, and from judgment in favor of plaintiff, defendant appeals.

*A. Paul Kitchin for plaintiff appellee.*

*Henry T. Drake for defendant appellant.*

ARNOLD, Judge.

The October 1973 separation agreement provided, *inter alia,* that, on March 1, 1974, defendant was to begin to pay to plaintiff during each calendar month:

> "the sum of Three Hundred Dollars ($300) for the support of her and her said minor child, such payments to continue so long as Cathy Annette Hall remains single; that said payments of $300.00 per month shall continue until Cathy Annette Hall reaches the age of twenty-one years; should the said Cathy Annette Hall marry during this time, said payments shall be reduced to One Hundred and Fifty Dollars ($150.00) per month and the sum of $150.00 per month is to be paid thereafter, or in any event after Cathy Annette Hall reaches the age of twenty-one years, said sum of $150.00 per month shall be paid to Evelyn Hildreth Hall so long as she continues to remain single."

In its declaratory judgment the court found that the word "single" was a matter to be determined by law and that "single" meant unmarried.

[1] Defendant, who had requested a jury trial, argues first that the court erred in its findings as to the issues involved and in its finding that no issue existed to be tried by the jury. We agree with defendant that absent a waiver of jury trial, the trial court under the Declaratory Judgment Act, G.S. 1-253 *et seq.,* may only determine questions of law. *See, e.g. Insurance Co. v. Simmons, Inc.,* 258 N.C. 69, 128 S.E. 2d 19 (1962). However, we disagree with defendant's argument that there were questions of fact which should have been submitted to the jury. Only in his brief on appeal does defendant argue that the written agreement did not constitute the entire agreement between the parties. He did not argue that in the case below and his pleadings may not be read to imply this argument. Hence, we may not consider that argument

on this appeal. *See, e.g. Plemmer v. Matthewson*, 281 N.C. 722, 190 S.E. 2d 204 (1972).

[2] Defendant argues that the term "single," as used in the separation agreement, was ambiguous and that extrinsic evidence relating to the agreement may be competent to clarify the terms. *See, e.g. Goodyear v. Goodyear*, 257 N.C. 374, 126 S.E. 2d 113 (1962). While his argument that "single" means "alone" may be ingenious, we do not accept it. The term "single" as used in this separation agreement is not ambiguous; it clearly means unmarried. Ordinary words will be given their ordinary significance unless a special use is apparent. *See, e.g. Insurance Co. v. Insurance Co.*, 266 N.C. 430, 146 S.E. 2d 410 (1966). Where the language of a contract is plain the construction of the agreement is a matter of law for the court. *See, e.g. Kent Corporation v. Winston-Salem*, 272 N.C. 395, 158 S.E. 2d 563 (1968).

Next, defendant argues that the court erred in striking his three defenses. Again, however, his argument depends upon whether "single" means "unmarried" or "alone," and that question has already been determined in plaintiff's favor.

Affirmed.

Judges PARKER and MARTIN concur.