RONALD D. PATTERSON AND WIFE, ROBIN PATTERSON, PLAINTIFFS v. CURTIS PIERCE, ADMINISTRATOR OF THE ESTATE OF ELMER RAY PIERCE, DEFENDANT

No. 9311SC923

(Filed 7 June 1994)

**Automobiles and Other Vehicles § 464 (NCI4th)— onrushing truck—failure to take evasive action—no actionable negligence**

The trial court properly granted summary judgment for defendant in plaintiff's action to recover for injuries sustained in an automobile accident where the evidence tended to show that plaintiff was a passenger in a truck which went out of control during heavy rain; the truck veered into the path of defendant's vehicle; though another vehicle in front of defendant's avoided the truck in the less than five seconds available to react, defendant, who had less than one second more to react, failed to take evasive action; and even if defendant made an error of judgment in failing to react to the onrushing truck, no reasonable mind could conclude that such an error of judgment rose to the level of actionable negligence.

**Am Jur 2d, Automobiles and Highway Traffic § 420.**

Appeal by plaintiffs from judgment signed 29 July 1993 in Lee County Superior Court by Judge Narley L. Cashwell. Heard in the Court of Appeals 9 May 1994.

Plaintiffs brought this action seeking to recover damages for personal injuries to plaintiff Ronald Patterson and loss of consortium by

plaintiff Robin Patterson. In their complaint, plaintiffs alleged Ronald Patterson's injuries were caused by the negligent operation of an automobile operated by defendant's intestate Elmer Pierce. Defendant answered with general denials. Following discovery, the trial court heard and allowed defendant's motion for summary judgment, from which order plaintiffs have appealed.

*J. Douglas Moretz, P.A., by Beverly D. Basden, for plaintiffs-appellants.*

*Russ, Worth, Cheatwood & Guthrie, by Philip H. Cheatwood, for defendant-appellee.*

WELLS, Judge.

Although our appellate courts have consistently held that summary judgment is rarely appropriate in negligence actions, *see Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 302 S.E.2d 868 (1983); nevertheless, summary judgment should be entered where the forecast of evidence before the trial court demonstrates that a plaintiff cannot support an essential element of his claim. *Roumillat v. Simplistic Enterprises, Inc.*, 331 N.C. 57, 414 S.E.2d 339 (1992).

The materials before the trial court in this case consisted of the parties' pleadings, the depositions of Ronald Patterson, Frankie Wicker, and James Oakley, and the affidavit of Richard Edwards. The depositions we refer to reflect the following pertinent events and circumstances.

On the morning of 17 July 1989, plaintiff Ronald Patterson was riding as a passenger in a pickup truck being driven by Frankie Wicker in a southerly direction near Vass on U.S. Highway 1. It was raining very heavily. As he was driving at a speed of about 50-55 miles per hour, Wicker lost control of his truck. The truck suddenly skidded across the center line of U.S. Highway 1 and struck an automobile driven in the opposite direction by defendant's intestate, Elmer Pierce, who was killed in the collision. The other occupant of the Pierce vehicle, Pierce's wife, was also killed in the collision.

James Oakley was driving his truck in a northerly direction along U.S. Highway 1 at a speed of about 40 miles per hour. The Pierce car was approximately two car lengths behind Oakley when Oakley observed the truck Wicker was operating skidding out of control across the center line toward his truck. Oakley then veered to his right and thereby avoided the Wicker truck. Almost immediately, the

PATTERSON v. PIERCE

[115 N.C. App. 142 (1994)]

Wicker truck struck the front of the Pierce car, resulting in the total demolition of the Pierce car and the death of its occupants.

Both Wicker and Oakley described the weather conditions at the time as terrible, resulting in severely reduced visibility. They both stated that once Wicker began to lose control of his truck, it veered quickly into the opposite lane of travel. Due to his evasive movement, Oakley was able to avoid the collision. Pierce did not make an evasive move prior to the collision of the Wicker truck with his car.

In his affidavit, Richard Edwards stated that he had nine years of experience in accident reconstruction and had testified approximately 24 times as an expert witness concerning reconstruction of vehicular accidents. Based on his interview with James Oakley, Edwards stated that (1) the Wicker truck was out of control at the point of impact resulting from hydroplaning on excess water on the roadway; (2) based on the speed of the Wicker truck at 45-48 miles per hour and the Pierce car at about 40 miles per hour, Oakley's evasion of the Wicker truck required at least 2.5 to 4.5 seconds; and (3) based on a "reasonable" following distance, Pierce would have had an additional 1.5 to 2.5 seconds to evade the collision. From these observations, Edwards stated that in his opinion Pierce had the opportunity to avoid the collision and that the reason he did not was because he was looking somewhere other than in the forward direction.

In light of this forecast of evidence, considered in the light most favorable to plaintiffs, we hold that the trial court properly entered summary judgment for defendant.

Actionable negligence requires a showing that (1) there has been a failure to exercise proper care in the performance of some legal duty which a defendant owed to the plaintiff under the circumstances in which they were placed and (2) such breach of duty was a proximate cause of the plaintiff's injury. *See Hairston v. Alexander Tank & Equipment Co.*, 310 N.C. 227, 311 S.E.2d 559 (1984). It is this threshold requirement which plaintiffs have not shown in this case. *Forgy v. Schwartz*, 262 N.C. 185, 136 S.E.2d 668 (1964) contains a thorough discussion and analysis of the duty of a motorist, though traveling at a lawful speed and in his proper lane, to avoid colliding with another vehicle which comes into his path from the opposite direction.

**PATTERSON v. PIERCE**

[115 N.C. App. 142 (1994)]

In *Forgy*, Justice (later Chief Justice) Sharp aptly stated the principle that when a motorist is *suddenly* (emphasis supplied) confronted with such circumstances, without opportunity to reason or reflect, he is not held to the wisest choice of conduct but only to such choice as a person of ordinary care and prudence similarly situated would have made. *Id.* Some allowance must be made for the exigencies of the moment, and time must be allowed for the driver put in such peril without his fault to comprehend the danger and form a judgment as to how to meet it. *Id.* "In applying the doctrine of sudden emergency, the courts have not been inclined to weigh in 'golden scales' the conduct of the motorist who has acted under the excited impulse of sudden panic induced by the negligence of the other motorist." *Id.*

In the case now before us, the Wicker vehicle was traveling at a speed of approximately 50 miles per hour, covering a distance of 73.3 feet per second, while the Pierce vehicle was traveling at a speed of 40 miles per hour, covering a distance of 58.7 feet per second. Hence, taking the median speeds, the closing speed between the two vehicles prior to the collision was approximately 132 feet per second. Assuming, as plaintiffs' evidence tended to show, that the Pierce vehicle was two car lengths (approximately 24 feet) behind the Oakley vehicle, Mr. Pierce had a maximum of .18 seconds more than Mr. Oakley in which to form a judgment and take evasive action. Given these circumstances, if we were to accept *arguendo* that Mr. Pierce made any error of judgment in failing to react to the onrush of the Wicker truck toward him, no reasonable mind could conclude that such an error of judgment rose to the level of actionable negligence.

For the reasons stated, the judgment below is

Affirmed.

Judges JOHNSON and JOHN concur.