FRANK v. FUNKHOUSER

[169 N.C. App. 108 (2005)]

━━━━━━━━

GERTRUDE MARSTON FRANK, PLAINTIFF v. STEPHEN FUNKHOUSER AND DOROTHY FUNKHOUSER, INDIVIDUALLY, AND IN THEIR CAPACITY AS THE NATURAL PARENTS OF, AND LEGAL GUARDIANS FOR, NATHANIEL FUNKHOUSER, A MINOR, DEFENDANTS AND THIRD-PARTY PLAINTIFFS v. KAREN ARGO AND HAYMOUNT UNITED METHODIST CHURCH, THIRD-PARTY DEFENDANTS

No. COA04-485

(Filed 15 March 2005)

## 1. Appeal and Error— notice of appeal—third-party defendants

The third-party defendants' motion to dismiss an appeal was granted in an action arising from a church group ski accident where neither plaintiff nor defendants filed a notice of

FRANK v. FUNKHOUSER

[169 N.C. App. 108 (2005)]

appeal from the 31 October summary judgment order granted in favor of the third-party defendants, although plaintiff filed a notice of appeal from a 30 October order granting summary judgment in favor of defendants and dismissing plaintiff's claims with prejudice.

### 2. Negligence— skiing accident—failure to take ski lesson

The trial court properly granted summary judgment for defendants under West Virginia law in an action arising from a church group ski accident. Plaintiff's argument that the adult defendants placed a dangerous instrumentality (skis) in the hands of their son was not raised in the trial court and is precluded on appeal; the failure to take a ski lesson prior to skiing for the first time does not constitute negligence; and plaintiff did not present sufficient evidence to overcome the rebuttable presumption that a twelve-year-old was incapable of negligence.

Appeal by plaintiff from judgment entered 30 October 2003 by Judge Knox V. Jenkins, Jr. in Cumberland County Superior Court. Heard in the Court of Appeals 1 December 2004.

*The Barrington and Jones Law Firm, P.A., by Carl A. Barrington, Jr., for plaintiff-appellant.*

*Murray, Craven & Inman, L.L.P., by Richard T. Craven and Thomas W. Pleasant, for defendants and third-party plaintiff-appellees.*

*Sharpless & Stavola, P.A., by Frederick K. Sharpless and Christina L. Lewis, for third-party defendant-appellees.*

HUNTER, Judge.

Gertrude Marston Frank ("plaintiff") presents the following issues for our consideration: Whether the trial court erroneously granted defendants' and third-party defendants' motions for summary judgment. Karen Argo and Haymount United Methodist Church, third-party defendants, argue the appeal challenging the order granting them summary judgment should be dismissed because neither party appealed the order. After careful review, we conclude the third-party defendants should be dismissed from this appeal and we affirm the trial court's grant of summary judgment in favor of defendants.

The relevant undisputed facts indicate that plaintiff was injured on 13 January 2001 in a skiing accident at a West Virginia ski resort.

At the time of the accident, plaintiff was a Florida resident and was on a ski trip with her church, Van Dyke United Methodist Church. She was supervising the church youth on the ski trip.

On the same date, Karen Argo, a resident of Fayetteville, North Carolina, was supervising her youth group from Haymount United Methodist Church. Argo was the full-time youth director at the church. Nathaniel Funkhouser, a twelve-year old boy and member of Haymount United Methodist Church, was on his first ski trip with the church. His parents, Stephen and Dorothy Funkhouser ("defendants"), paid for Nathaniel to go on the trip, but did not attend themselves.

Both church groups arrived in West Virginia between 3:00 and 4:00 p.m. on Saturday, 13 January 2001. Upon arrival, Nathaniel and his friend, a thirteen-year old boy, went skiing on the beginner slopes. An experienced adult skier with the Haymount church group supervised the two boys. Argo remained in the lodge while the other children and adults skied.

At approximately 6:30 p.m. on Saturday evening, plaintiff began instructing an inexperienced teenage skier how to ski on the beginner slope. After plaintiff and the young lady reached the bottom of the beginners' slope, plaintiff gave the young lady the "thumbs up" sign indicating she had done a good job. As she was finishing the motion, Nathaniel Funkhouser skied into her from behind, collided with her right shoulder, and caused her to fall. Plaintiff did not see him approach, and the young lady, who saw Nathaniel approaching, did not warn plaintiff after she realized Nathaniel was going to hit plaintiff.

Just prior to the accident, Nathaniel was skiing the beginners' slope with his thirteen-year old friend. His adult supervisor was skiing behind them. While skiing the "bunny slope," Nathaniel hit an icy patch and became "out of control," which caused him to ski faster. Although Nathaniel tried to avoid plaintiff, he collided with her. Plaintiff suffered a broken leg and a displaced broken hip. She remained in the hospital for five days, underwent two surgeries, had a steel plate placed in her leg, attended a rehabilitation clinic for two weeks, had to have around the clock care for seven weeks, and had to use a walker, cane, or crutches for over a year.

On 13 December 2002, plaintiff filed a complaint against Stephen and Dorothy Funkhouser, individually and in their capacity as natural

parents of and legal guardians for Nathaniel Funkhouser. The complaint alleged the parents' negligence, combined with the minor child's negligence, proximately caused plaintiff's injuries. Defendants answered and filed a third-party complaint against Karen Argo and Haymount United Methodist Church seeking indemnification and/or contribution. The third-party defendants answered the third-party complaint on 20 May 2003. On 13 August 2003, the third-party defendants moved for summary judgment; and two days later on 15 August 2003, defendants moved for summary judgment. On 30 October 2003, summary judgment was entered in favor of defendants and third-party plaintiffs on plaintiff's claims. In a separate order filed on 31 October 2003, summary judgment was entered in favor of the third-party defendants against the third-party plaintiffs on all claims. On 7 November 2003, plaintiff filed her notice of appeal from the summary judgment order filed on 30 October 2003. No notice of appeal was filed from the 31 October 2003 summary judgment order.

As the ski accident between plaintiff and the minor child, Nathaniel Funkhouser, occurred in West Virginia, West Virginia law governs the substantive issues and North Carolina law governs the procedural issues. *See Boudreau v. Baughman*, 322 N.C. 331, 335, 368 S.E.2d 849, 854 (1988).

[1] First, we consider the third-party defendants' motion to dismiss this appeal because neither plaintiff nor defendants filed a notice of appeal from the summary judgment order granted in favor of the third-party defendants. Indeed, the record indicates plaintiff filed a notice of appeal on 7 November 2003 from the summary judgment order dated 29 October 2003 and filed on 30 October 2003 (hereinafter "30 October 2003 order"). This order and judgment granted defendants and third-party plaintiffs, Stephen and Dorothy Funkhouser, summary judgment and only referenced the claims of plaintiff against defendants. In contrast, the order dated 30 October 2003 and filed 31 October 2003 (hereinafter "31 October 2003 order") granted third-party defendants, Karen Argo and Haymount United Methodist Church, summary judgment on all claims asserted against them. In pertinent part, the 31 October 2003 order stated, "[d]efendant[s'] motion for summary judgment is the subject of a separate order and judgment. This order and judgment reflects the court's ruling only on the motion of the third-party defendants for summary judgment."

A notice of appeal must "designate the judgment or order from which appeal is taken . . . ." N.C.R. App. P. 3(d). "This rule, except as

qualified by statute, is jurisdictional and cannot be waived." *Johnson & Laughlin, Inc. v. Hostetler*, 101 N.C. App. 543, 546, 400 S.E.2d 80, 82 (1991).

In this case, plaintiff filed a notice of appeal from the 30 October 2003 order granting summary judgment in favor of defendants and dismissing plaintiff's claims with prejudice. Defendants and third-party plaintiffs did not file a notice of appeal from the 31 October 2003 summary judgment order in favor of Karen Argo and Haymount United Methodist Church, which dismissed defendants' third party complaint for indemnification or contribution with prejudice. According to N.C.R. App. P. 3(c), defendants had thirty days after the entry of order and judgment to file a notice of appeal. According to the certificate of service, plaintiff's notice of appeal was sent to defendants on 7 November 2003. Therefore, defendants had time remaining within the thirty days and could have filed a notice of appeal from the 31 October 2003 order.

Similarly, plaintiff did not file a notice of appeal from the 31 October 2003 order and judgment.[1] *See Bailey v. State*, 353 N.C. 142, 156, 540 S.E.2d 313, 322 (2000) (stating "[a] careful reading of Rule 3 reveals that its various subsections afford no avenue of appeal to either entities or persons who are nonparties to a civil action"). Thus, we are precluded from addressing plaintiff's arguments regarding the summary judgment order in favor of the third-party defendants. As neither plaintiff nor defendants filed a notice of appeal from the 31 October 2003 order, Karen Argo and Haymount United Methodist Church's motion to dismiss the appeal is granted. Accordingly, we will not address the remaining arguments presented by the third-party defendants.

[2] The remaining issue for our consideration is whether the trial court properly granted summary judgment in favor of defendants, Stephen, Dorothy, and Nathaniel Funkhouser. As previously stated, West Virginia law governs the substantive aspects of this case and North Carolina law governs the procedural issues.

According to North Carolina law, summary judgment "is ' "a somewhat drastic remedy, [that] must be used with due regard to its

---

1. The third-party defendants argue plaintiff lacked standing to appeal the 31 October 2003 order because plaintiff was not a party to the third-party complaint filed by defendants/third-party plaintiffs against Karen Argo and Haymount United Methodist Church. As plaintiff did not file a notice of appeal from the 31 October 2003 order, it is unnecessary to address whether plaintiff had standing to appeal the order.

purposes and a cautious observance of its requirements in order that no person shall be deprived of a trial on a genuine disputed factual issue." ' " *DeWitt v. Eveready Battery Co.*, 355 N.C. 672, 682, 565 S.E.2d 140, 146 (2002) (citations omitted). " 'The purpose of summary judgment is to eliminate formal trials where only questions of law are involved by permitting penetration of an unfounded claim or defense in advance of trial and allowing summary disposition for either party when a fatal weakness in the claim or defense is exposed.' " *Talbert v. Choplin*, 40 N.C. App. 360, 363, 253 S.E.2d 37, 40 (1979) (citation omitted).

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2003). " '[T]he party moving for summary judgment ultimately has the burden of establishing the lack of any triable issue of fact.' " *Pacheco v. Rogers & Breece, Inc.*, 157 N.C. App. 445, 447, 579 S.E.2d 505, 507 (2003) (citation omitted).

A defendant may show entitlement to summary judgment by "(1) proving that an essential element of the plaintiff's case is nonexistent, or (2) showing through discovery that the plaintiff cannot produce evidence to support an essential element of his or her claim, or (3) showing that the plaintiff cannot surmount an affirmative defense which would bar the claim." *James v. Clark*, 118 N.C. App. 178, 181, 454 S.E.2d 826, 828, *disc. review denied*, 340 N.C. 359, 458 S.E.2d 187 (1995). Summary judgment is not appropriate where questions of credibility and determinations regarding the weight of the evidence exist. *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 470, 251 S.E.2d 419, 422 (1979).

" '[O]nce the party seeking summary judgment makes the required showing, the burden shifts to the nonmoving party to produce a forecast of evidence demonstrating specific facts, as opposed to allegations, showing that he can at least establish a *prima facie* case at trial.' " *Pacheco*, 157 N.C. App. at 448, 579 S.E.2d at 507 (citation omitted). " 'To hold otherwise . . . would be to allow plaintiffs to rest on their pleadings, effectively neutralizing the useful and efficient procedural tool of summary judgment.' " *Id.* (citation omitted).

In North Carolina:

> Under well-settled principles, summary adjudications are dis-
> favored in negligence cases "because application of the prudent
> [person] test, or any other applicable standard of care, is gener-
> ally for the jury." "Hence it is only in exceptional negligence cases
> that summary judgment is appropriate because the . . . applicable
> standard of care must be applied, and ordinarily the jury should
> apply it under appropriate instructions from the court."

*Draughon v. Harnett Cty. Bd. of Educ.*, 158 N.C. App. 208, 216, 580
S.E.2d 732, 737-38 (2003) (Wynn, J., dissenting) (citations omitted).

Plaintiff first contends summary judgment was improvidently
granted because the parents, Stephen and Dorothy Funkhouser,
placed a dangerous instrumentality into the hands of their minor
child. However, plaintiff did not present this argument to the trial
court below. Her complaint does not allege the parents were negli-
gent because they entrusted their son with a dangerous instrumental-
ity—skis. Plaintiff also did not make this contention in her argument
in opposition to defendants' and third-party defendants' motions for
summary judgment. Accordingly, we are precluded from considering
this argument on appeal. *See Hall v. Hall*, 35 N.C. App. 664, 665-66,
242 S.E.2d 170, 172 (1978) (declining to review an argument on appeal
where the party did not make the argument below and stating the
pleadings could not be read to imply the argument).

Plaintiff next argues a genuine issue of material fact exists as to
the parents' negligence because they sent their child on a ski trip,
knowing that he had never skied, without providing him ski lessons
that were available and would have made him a much safer skier.
Plaintiff contends Nathaniel would have been taught to sit down
when out of control and the collision would have been avoided.
Plaintiff argues the parents' failure to provide a lesson was the prox-
imate cause of her injuries because the failure to provide a ski lesson
made the injurious result foreseeable. Thus, plaintiff contends the
jury should determine whether the parents' conduct was negligent
and summary judgment should not have been granted.

The parties do not dispute the fact that the parents did not pay
for a ski lesson for Nathaniel. However, we conclude, on the facts of
this case that as a matter of law that the failure to take a ski lesson
prior to skiing for the first time on the beginners' slope does not con-
stitute negligence. There are several ways in which a person may

learn how to ski—trial and error or another person may provide instruction. Indeed, at the time of plaintiff's accident, she was instructing an inexperienced teenager on how to ski. Similarly, Nathaniel was skiing with an experienced adult skier on the beginner slope, who was also supervising the boys. Moreover, Argo testified that upon their arrival at the ski resort, they had been instructed on safety and respect on the slopes by Action Ski, the company with whom the church contracted to coordinate the ski trip. Accordingly, we conclude that summary judgment was not improvidently granted in favor of the parents.

Finally, plaintiff argues summary judgment was improvidently granted because a genuine issue of material fact exists as to whether Nathaniel, a twelve-year old boy, negligently collided into her. Specifically, she argues she has presented a sufficient forecast of evidence to overcome the rebuttable presumption that Nathaniel was incapable of negligence.

In West Virginia, there is a rebuttable presumption that children between the ages of seven and fourteen are incapable of negligence. *Pino v. Szuch*, 408 S.E.2d 55, 58 (W.Va. 1991). "The rationale for the rebuttable presumption for children between the ages of seven and fourteen is that these children usually lack the intelligence, maturity, and judgmental capacity to be held accountable for their actions." *Id.* Thus, "in order to rebut the presumption that a child between the ages of seven and fourteen lacks the capacity to be negligent, evidence of the child's intelligence, maturity, experience, and judgmental capacity must be presented to the jury." *Id.* at 59. Merely showing that a child is bright, smart, or industrious is not enough to rebut the presumption. *Id.*

Plaintiff argues Nathaniel's hesitation to ski without first taking a skiing lesson reflects upon his judgmental capacity and is a sufficient forecast of evidence to create a jury question of whether the rebuttable presumption had been overcome. According to plaintiff, on the day of the accident while Nathaniel and his youth group were traveling to West Virginia, Nathaniel asked the youth director for money to take a ski lesson. Karen Argo did not testify Nathaniel requested money for a ski lesson during the bus trip; rather, she testified that after they arrived, Nathaniel asked to borrow money to take a ski lesson the next day. Nathaniel neither expressed any fear or apprehension about skiing without taking a lesson nor did Nathaniel express any concerns about safety. Moreover, the group had been instructed on safety and respect on the slopes by their professional ski trip coor-

dinators upon arrival. Also, the record does not contain any evidence regarding whether Nathaniel had previous skiing experience or whether he had prior ski lessons. According to the record, this was Nathaniel's first ski trip with the church group. Plaintiff also argues that ski lessons would have taught Nathaniel to sit down when skiing out of control and therefore the accident would have been avoided. However, West Virginia recognizes "that skiing as a recreational sport is hazardous to skiers, regardless of all feasible safety measures which can be taken." W.Va. Code, § 20-3A-5. Thus, plaintiff did not present a sufficient forecast of evidence to overcome the rebuttable presumption that Nathaniel was incapable of negligence.

Plaintiff argues, however, that she is not required to present a forecast of evidence sufficient to overcome the rebuttable presumption because whether the rebuttable presumption that a child between the ages of seven and fourteen is incapable of negligence has been overcome is a question for a jury. North Carolina case[2] law does indicate that whether the presumption has been rebutted is generally a question for the jury. *See Brown v. Lyons*, 93 N.C. App. 453, 460, 378 S.E.2d 243, 247-48 (1989). Moreover, "our appellate courts have consistently held that summary judgment is rarely appropriate in negligence actions[.]" *Patterson v. Pierce*, 115 N.C. App. 142, 143, 443 S.E.2d 770, 771 (1994). However, the purpose of summary judgment is "to 'eliminate the necessity of a formal trial where only questions of law are involved and a fatal weakness in the claim . . . of a party is exposed.'" *Hall v. Post*, 85 N.C. App. 610, 613, 355 S.E.2d 819, 822 (1987), *rev'd on other grounds*, 323 N.C. 259, 372 S.E.2d 711 (1988).

Nonetheless, plaintiff refers to *Wilson v. Bright*, 255 N.C. 329, 121 S.E.2d 601 (1961), as support for her contention that the jury must determine whether the presumption has been rebutted. In *Wilson*, a nine-year old boy lost his shoe while riding a bicycle, and a car collided with his bicycle while he was bending over to pick up his shoe. *Id.* at 331-32, 121 S.E.2d at 602-03. His father sued for damages on his behalf, and the defendant alleged contributory negligence as an affirmative defense. *Id.* The jury determined the defendant was negligent and the boy was not contributorily negligent. *Id.* The defendant moved for an involuntary nonsuit after the jury verdict, and the

---

2. Under our conflict of laws rules, whether a party has presented sufficient evidence to have an issue presented to the jury is determined by the law of the forum. *See Kirby v. Fulbright*, 262 N.C. 144, 136 S.E.2d 652 (1964); *Chewning v. Chewning*, 20 N.C. App. 283, 201 S.E.2d 353 (1973).

defendant appealed after the trial court denied its motion. *Id.* at 330, 121 S.E.2d at 602. Our Supreme Court determined that the question of whether the boy was capable of contributory negligence was for the jury. *Id.* at 331-32, 121 S.E.2d at 603. Indeed, the facts indicated a sufficient factual dispute as to whether a young boy bending over to pick up a shoe without maintaining a proper lookout for oncoming traffic constituted contributory negligence. The driver testified she noticed the boy riding his bike in front of her car when she was about a half a car length away and she was traveling down the center of the road when the child was struck. *Id.* The boy testified he was on the right-hand side of the road and not in oncoming traffic. *Id.* These disputed facts created a jury question as to whether the nine-year old boy was capable of contributory negligence.

As previously discussed, plaintiff did not present a sufficient forecast of evidence to create a jury question regarding the rebuttable presumption that Nathaniel was incapable of negligence due to his age. *See supra.* Although summary judgment is disfavored in negligence actions, "summary judgment should be entered where the forecast of evidence before the trial court demonstrates that a plaintiff cannot support an essential element of his claim." *Patterson v. Pierce*, 115 N.C. App. at 143, 443 S.E.2d at 771. To hold otherwise would indicate that summary judgment would never be appropriate in cases where the rebuttable presumption applies even though a party did not present a forecast of evidence sufficient to overcome the presumption. Accordingly, we conclude summary judgment was properly entered as plaintiff failed to present a sufficient forecast of evidence to present a jury question as to whether the rebuttable presumption has been overcome.

In sum, the third-party defendants' motion to dismiss the appeal from the 31 October 2003 order is granted. After careful review of West Virginia law, we affirm the trial court's order granting defendants' motion for summary judgment. As we have concluded the trial court did not erroneously grant summary judgment in favor of defendants, we do not address the parties' contentions regarding assumption of risk and contributory negligence.

Affirmed.

Judges CALABRIA and LEVINSON concur.