JOHNSON & LAUGHLIN, INC., PLAINTIFF v. HERBERT J. HOSTETLER, DEFENDANT

PELLA WINDOW & DOOR CO., PLAINTIFF v. HERBERT HOSTETLER, DARLENE HOSTETLER AND JOHNSON & LAUGHLIN, INC., DEFENDANTS

No. 9020SC352

(Filed 5 February 1991)

**Trial § 42 (NCI3d)— failure of jury to follow instructions—verdict in conformity with evidence and law**

Where plaintiff had two claims against defendant which were based upon different circumstances and legal theories, the jury's treatment of the claims separately, rather than together as the court directed if they found that plaintiff substantially performed the contract, did not establish that their vedict was unfair or invalid or that the jury was confused; rather, the verdict was in harmony with the pleadings, the evidence, and the law, and the court's refusal to set it aside, if error, was harmless.

**Am Jur 2d, Trial §§ 1199, 1201.**

APPEAL by defendant Herbert J. Hostetler from order entered 6 December 1989 by *Judge F. Fetzer Mills* in MOORE County Superior Court. Heard in the Court of Appeals 16 November 1990.

Plaintiff Johnson & Laughlin, Inc., a building contractor with a license limited to structures costing no more than $175,000, contracted in writing to build a house for defendant Hostetler at a cost of $207,231. Several months after construction was started and defendant had made progress payments amounting to $53,693, he became dissatisfied with plaintiff's performance and terminated the contract. Alleging by its complaint and amended complaint that defendant owed it $20,965.37 for labor and materials used in constructing the house and $22,907.67 for windows, brick and lumber placed on the site that defendant refused to surrender, plaintiff sued to recover those amounts and to obtain a lien on defendant's property. Defendant answered and counterclaimed for the return of payments made, alleging that plaintiff breached the contract by faulty construction and not having a license that authorized it to construct the building involved. In a separate action Pella Window & Door Co. sued to recover $14,110.32 from Johnson

**JOHNSON & LAUGHLIN, INC. v. HOSTETLER**

[101 N.C. App. 543 (1991)]

& Laughlin, Inc. for windows delivered to the construction site and to obtain liens against the house and Hostetler's debt to the builder. Pella's action against Hostetler was consolidated for trial with that of plaintiff; its claim against Johnson & Laughlin was reduced to judgment and does not concern us. In the trial the jury found, in substance, that plaintiff did not breach the contract, and that Hostetler owed plaintiff $13,256 for construction done before the contract was terminated and $22,885 for building materials converted thereafter. Plaintiff's judgment for $36,111 also placed a builder's lien of $13,256 on Hostetler's property. A judgment establishing Pella's lien in the amount of $14,110.32 against the house and Hostetler's debt to plaintiff was also entered.

Defendant moved for a new trial under the provisions of Rule 59, N.C. Rules of Civil Procedure, based upon the ground that the jury disregarded the court's instructions as to the steps to follow in deciding the issues between plaintiff contractor and defendant homeowner. Though the court found that the jury did not proceed as instructed, it denied the motion. Defendant's appeal is from that ruling.

*Douglas R. Gill for plaintiff appellee Johnson & Laughlin, Inc.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, by James R. Saintsing, for plaintiff appellee Pella Window & Door Co.*

*McCrann Law Firm, P.A., by Michael J. McCrann, for defendant appellant Herbert J. Hostetler.*

PHILLIPS, Judge.

Defendant's appeal from the denial of his motion for a new trial raises only one question — was the jury's failure to follow the court's instructions as to the steps to follow in determining the issues prejudicial error? We agree with the trial judge that it was not.

Though plaintiff's two claims against defendant Hostetler were separately stated in the complaint and were based upon different circumstances and legal theories — one for construction done by plaintiff under the contract before it was terminated; the other for materials converted by defendant after the contract was terminated — in the charge the court treated the materials claim as special damages under the contract in one place and as a conversion claim in another, and instructed the jury to proceed as follows: To determine first if Johnson & Laughlin substantially performed

its contract before Hostetler terminated it; if substantial performance was found to then determine how much Hostetler owed under the contract, both for actual damages because of materials and labor furnished before cancellation and for special damages, including materials kept by defendant thereafter; if substantial performance was not found they were to pass over the issue as to plaintiff's contract damages, determine Hostetler's damages under his counterclaim, determine whether Hostetler had converted any of Johnson & Laughlin's materials, and if so their value. Contrary to these instructions the jury proceeded as follows: After finding substantial performance of the contract by plaintiff, they found that plaintiff was entitled to recover $13,256 under the contract; they ignored the counterclaim issue; they found that defendant did convert plaintiff's building materials and that those materials were worth $22,855.

In considering the jury's deviations from their instructions, the court found and concluded that the "contract damages" which the jury found consisted only of the cost of materials and labor that plaintiff used in constructing the house before the contract was terminated; that the conversion damages that the jury found consisted only of the value of the materials that defendant kept and used after he terminated the contract; that neither finding was based upon evidence that supported the other; that both findings were consistent with the evidence and the law; and that if the jury's deviation from their instructions was error, it was harmless. These findings and conclusions are well founded, in our opinion, and the denial of defendant's new trial motion was not an abuse of discretion. *White v. White*, 312 N.C. 770, 324 S.E.2d 829 (1985). Since plaintiff's two claims are based upon different circumstances and legal theories, the jury could have been properly instructed to proceed somewhat as they did. That the jury treated the claims separately, rather than together as the court directed if they found that plaintiff substantially performed the contract, does not establish that their verdict is either unfair or invalid or that the jury was confused, as defendant argues. Whether treated separately or together the two claims are nevertheless quite distinct from each other, and the record does not indicate that the jury confused either claim or the evidence that supports it with the other one. The evidence indicates that when the contract was terminated plaintiff had applied labor and materials worth $13,264 to the house for which it had not been paid and the jury awarded

$13,256 on that claim. The evidence indicates that the converted materials were worth $22,846.94 and the jury awarded $22,855 on that claim. Thus, the verdict was not only in harmony with the evidence, it was in harmony with the pleadings and the law, and the refusal to set it aside, if error, was harmless, as the court ruled. *Nicholson v. Dean*, 267 N.C. 375, 148 S.E.2d 247 (1966).

Defendant's several other arguments concerning alleged errors during the course of the trial cannot be considered, as defendant did not appeal from the judgment. The notice of appeal states that his appeal was only from the denial of the new trial motion, and under our practice a notice of appeal to be effective must "designate the judgment or order from which appeal is taken." Rule 3(d), N.C. Rules of Appellate Procedure. This rule, except as qualified by statute, is jurisdictional and cannot be waived. *Giannitrapani v. Duke University*, 30 N.C. App. 667, 228 S.E.2d 46 (1976). Even so, it does not appear that our decision would have been different if the judgment had been appealed; for the record indicates that the trial was fairly conducted in all respects.

Affirmed.

Judges ORR and GREENE concur.