654 S.E.2d 811 (2008)
In re A.V.
No. COA07-360.
Court of Appeals of North Carolina.
January 15, 2008.
Attorney General Roy Cooper, by Assistant Attorney General Tracy J. Hayes, for the State.
Peter Wood, Raleigh, for juvenile-appellant.
CALABRIA, Judge.
A.V. ("the juvenile") appeals from an adjudication order of the trial court adjudicating him delinquent on the charge of assault on a State employee. We affirm.
On 13 September 2006, Trina Bullard ("Ms. Bullard"), a physical education teacher at Pembroke Middle School, observed a commotion among a group of students. Specifically, the juvenile was instigating a fight with another student. Since Ms. Bullard was assigned to monitoring duty, she approached the crowd of students to prevent the fight and saw the juvenile reach out to hit a younger boy. Ms. Bullard reached the students in time and prevented the juvenile from hitting the other student by grabbing the juvenile. He struggled to break free of her hold and attempted to pursue the other student. Although Ms. Bullard told the juvenile to stop struggling, the juvenile continued to struggle and both of them fell to the ground.
The juvenile dragged Ms. Bullard about four feet. As a result of the altercation, Ms. Bullard was struck on her jaw, suffered bruises on her arms and legs, and sustained a scratch on her ankle. The juvenile continually tried to break free of Ms. Bullard's hold. Two other teachers helped to hold the juvenile until the school resource officer arrived to restrain him in handcuffs.
The juvenile was charged with a Class A1 misdemeanor of assault on a State employee pursuant to N.C. Gen.Stat. 14-33(c)(4) (2006). At the close of the evidence, the trial court adjudicated the juvenile as delinquent for assault on a State employee. Since the juvenile had been placed on twelve months probation for a prior offense, the trial court, inter alia, extended his probation for an additional six months. Juvenile appeals.
I. Ineffective Assistance of Counsel
Juvenile first contends he received ineffective assistance of counsel. We disagree. A juvenile has a right to counsel at a delinquency proceeding. See In re Garcia, 9 N.C.App. 691, 692, 177 S.E.2d 461, 462 (1970). "When defendant attacks his conviction on the basis that counsel was ineffective, he must show that his counsel's conduct fell below an objective standard of reasonableness." State v. Braswell, 312 N.C. 553, 561-62, 324 S.E.2d 241, 248 (1985) (citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Pursuant to Braswell, the juvenile must establish both (1) that his attorney's performance was deficient, and (2) that he suffered prejudice from his counsel's deficient performance. Id. "The fact that counsel made an error, even an unreasonable error, does not warrant reversal of a conviction unless there is a reasonable probability that, but for counsel's errors, there would have been a different result in the proceedings." Id., 312 N.C. at 563, 324 S.E.2d at 248 (citation omitted).
In the instant case, at the close of the State's evidence, juvenile's trial counsel made a motion to dismiss the action. However, juvenile's trial counsel failed to renew the motion to dismiss at the close of all the evidence, and according to the juvenile, his counsel's failure to act equates to ineffective assistance of counsel. If juvenile's counsel had renewed the motion, the trial court would have had the opportunity to dismiss *813 the action. Therefore, the juvenile claims he was prejudiced.
"[T]o withstand a motion to dismiss the charges . . . in a juvenile petition, there must be substantial evidence of each of the material elements of the offense charged." In re Bass, 77 N.C.App. 110, 115, 334 S.E.2d 779, 782 (1985) (citation omitted). "The evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable inference of fact which may be drawn from the evidence." In re J.A., 103 N.C.App. 720, 724, 407 S.E.2d 873, 875 (1991) (citation omitted). For the charge of assault on a State employee, the State must present evidence of all the common elements of assault and that the victim was "an officer or employee of the State or any political subdivision of the State, when the officer or employee is discharging or attempting to discharge his official duties[.]" N.C. Gen.Stat. § 14-33(c)(4) (2007).
At trial, there was no dispute that the juvenile was the perpetrator or that Ms. Bullard was a State employee. The State presented testimony from Ms. Bullard, the victim, that she ordered the juvenile to stop, but when he continued to resist and struggle, she grabbed him. Ms. Bullard testified:
Q: Okay. What happened after you grabbed him?
A: The other boy walked away and it took me with everything I had just to keep him from getting away from me. Eventually we fell down on the ground. He drug me probably about four feet before help got there. The other teachers came and I was sitting on top of him and they held mehelped me hold him down.
Q: Did you say anything to him?
A: Told him to stop.
Furthermore, on cross-examination, Ms. Bullard stated, "[The juvenile] was moving forward and I kept telling him to stop. I said, you know, stop. He was trying to break me, swinging his arms, and that's how I got hit in the jaw because he was throwing his arms and stuff trying to get away from me." The State also presented evidence from the school resource officer, Amy Dial, that the juvenile continued to struggle and "pull away a little bit" after she restrained the juvenile with handcuffs and led him to the school office.
Thus, in reviewing the evidence "in the light most favorable to the State," we conclude the State presented substantial evidence to support the juvenile's charge of assault on a State employee to withstand a motion to dismiss the charge. Moreover, even if the juvenile's trial counsel's performance was deficient by failing to renew the motion to dismiss at the close of all the evidence, the juvenile cannot show that the trial court would have granted the motion. Therefore, the juvenile cannot show that he suffered prejudice from his counsel's deficient performance. This assignment of error is overruled.
II. Disposition Order
Juvenile next asserts prejudicial errors in the juvenile's disposition order. First, the juvenile argues the trial court erred by not considering the risk and needs assessment or other predispositional reports during the disposition hearing. Second, he contends the trial court erred by entering the disposition order without attaching the predisposition report as required by the disposition form. At the disposition hearing on 6 February 2007, the juvenile did not object when the trial court failed to consider the risk and needs assessment. "As a general rule, defendant's failure to object to alleged errors by the trial court operates to preclude raising the error on appeal." State v. Ashe, 314 N.C. 28, 39, 331 S.E.2d 652, 659 (1985) (citations omitted). However, "when a trial court acts contrary to a statutory mandate and a defendant is prejudiced thereby, the right to appeal the court's action is preserved, notwithstanding defendant's failure to object at trial." Id. Juvenile argues that although he did not object to this error at trial, his right to appeal this alleged error has been properly preserved for appellate review since he alleges the error is a statutory violation. We would agree to review juvenile's alleged error, since it is a statutory violation, if he had included the alleged disposition order error in his notice of appeal. However, when the juvenile filed his notice of *814 appeal to this Court, the juvenile designated error only in the adjudication order and not in the disposition order.
Rule 3(d) of the North Carolina Rules of Appellate Procedure states: "[t]he notice of appeal required to be filed and served by subdivision (a) of this rule . . . shall designate the judgment or order from which appeal is taken. . . ." N.C.R.App. P. 3(d) (2007) (emphasis supplied). In the instant case, the juvenile's notice of appeal states: "Monica [V.], mother of . . . juvenile, hereby gives notice of appeal on behalf of said juvenile in that the court found him delinquent on the charge of assault on a Government Official, February 6, 2007." In his notice of appeal, the juvenile states the court's finding of delinquency in the adjudication order, but fails to also include that he is appealing an error in the trial court's disposition order.
The juvenile's violation of the North Carolina Rules of Appellate Procedure is a jurisdictional defect and cannot be waived. Johnson & Laughlin, Inc. v. Hostetler, 101 N.C.App. 543, 546, 400 S.E.2d 80, 82 (1991). Therefore, this Court has not acquired jurisdiction to review the trial court's 19 February 2007 disposition order based on the juvenile's failure to file notice of appeal from that order. Juvenile's remaining assignments of error are dismissed.
Affirmed.
Judges STEPHENS and ARROWOOD concur.