IN THE MATTER OF: J.B.
No. COA08-1590
Court of Appeals of North Carolina.
Filed June 2, 2009
This case not for publication
Roy Cooper, Attorney General, by LaToya B. Powell, Assistant Attorney General, for the State.
Lisa Skinner Lefler, for respondent-appellant.
MARTIN, Chief Judge.
By December 2007, respondent-appellant J.B. had been adjudicated delinquent for four felony and three misdemeanor offenses. On 5 December 2007, J.B. was adjudicated delinquent for three more felonies and one more misdemeanor, but the trial court never entered a disposition order for those four offenses. On 23 January 2008, J.B. was adjudicated delinquent for three more misdemeanors, and the trial court entered a disposition order placing J.B. on probation for those offenses.
On 26 February 2008, a juvenile court counselor filed a motion for review regarding alleged probation violations. The motion specifically alleged that J.B. violated the terms of the 23 January 2008 disposition order. The trial court conducted a hearing on the motion on 19 March 2008. In a disposition order entered that day, the trial court stated that it had found that J.B. violated the terms of the 23 January order, and the court committed J.B. to a youth development center for a term of at least six months.
J.B.'s trial counsel timely filed a notice of appeal from the 19 March 2008 disposition order, and the trial court appointed the appellate defender to perfect J.B.'s appeal. On 10 April 2008, J.B.'s trial counsel filed a motion for release pending the appeal. On 14 May 2008, J.B.'s trial counsel filed a motion to vacate the 19 March 2008 disposition order on the ground that, because the trial court found that J.B. violated the terms of probation for a misdemeanor offense, the trial court was not authorized to commit J.B. to a youth development center. The trial court denied both motions by order entered 15 May 2008.
On 31 July 2008, the trial court entered an order amending the 19 March 2008 disposition order. In the amended order, the court deleted its earlier finding that J.B. violated the terms of the 23 January 2008 disposition order. In that finding's placeand accounting for an obvious typographical errorthe court found that J.B. violated the terms of a 5 December 2007 disposition order which placed J.B. on probation for one of the four felonies for which J.B. was adjudicated delinquent on that date. Neither J.B.'s trial counsel nor the appellate defender gave notice of appeal from the amended order.
On 30 December 2008, J.B.'s appellate counsel filed the record on appeal in this Court. The record contains the following assignments of error: 1. The trial court committed reversible error on 19 March 2008 when it found [J.B.] to be in violation [of a] probationary sentence for felony breaking and entering, felony larceny, felony possession of stolen goods[,] and possession of a handgun by a minor for which [J.B.] had been adjudicated delinquent on 05 December 2007 but for which disposition had never been entered.
2. The trial court committed reversible error on 31 July 2008 when it amended the commitment order to reflect that the commitment was based on a violation of probation for felony offenses rather than a misdemeanor larceny conviction where [J.B.] had entered notice of appeal of the 19 March 2008 commitment order on 26 March 2008, on the grounds that the trial court lacked jurisdiction to amend the order.
3. The trial court committed reversible error when it committed [J.B.] to a youth development center for a maximum period of six months, on the grounds that the commitment exceeded the term of commitment for which [J.B.] was eligible since the probation violation was in reference to a minor offense, in violation of N.C. Gen. Stat. § 7B-2513(a).
J.B.'s appellate brief contains two arguments in support of these assignments of error.
As we understand J.B.'s first argument, made in support of the first two assignments of error, J.B. argues as follows: (1) the filing of the notice of appeal on 26 March 2008 deprived the trial court of jurisdiction to enter the 31 July 2008 order amending the 19 March 2008 disposition order; (2) the trial court erred in finding that J.B. violated the terms of a 5 December 2007 disposition order because no such order was ever entered; and (3)the 19 March 2008 disposition order was void because the trial court did not enter an adjudicatory order finding that J.B. violated the terms of probation. As we understand J.B.'s second argument, made in support of the third assignment of error, J.B. argues that the trial court violated N.C.G.S. § 7B-2513 by committing J.B. to a youth development center for a term of commitment that exceeded the statutorily prescribed maximum term.
We begin our analysis by addressing that portion of J.B.'s first argument whereby J.B. contends the trial court was without jurisdiction to enter the 31 July 2008 amended order. The record on appeal reveals that J.B. did not give notice of appeal from this order. The failure to file a proper notice of appeal deprives this Court of jurisdiction. N.C.R. App. P. 3; In re A.V., 188 N.C. App. 317, 321, 654 S.E.2d 811, 814 (2008); Von Ramm v. Von Ramm, 99 N.C. App. 153, 156, 392 S.E.2d 422, 424 (1990). "A court may not waive the jurisdictional requirements of [appellate] Rules . . ., even for good cause shown under Rule 2, if it finds that they have not been met." Von Ramm, 99 N.C. App. at 156, 392 S.E.2d at 424 (internal quotation marks omitted). Accordingly, this portion of J.B.'s first argument is dismissed.
We next address that portion of J.B.'s first argument whereby J.B. contends the 19 March 2008 disposition order was void because the trial court did not enter a separate written adjudicatory order finding that J.B. violated the terms of probation. J.B. does not contend that the court never found that J.B. violated the terms of probation, and J.B. concedes that "it is not mandatory that adjudication orders are written." We therefore reject this portion of J.B.'s first argument, noting that J.B. does not cite any authority in support of his contention.
Finally, we address J.B.'s second argument whereby J.B. contends the trial court violated N.C.G.S. § 7B-2513 by committing J.B. to a youth development center for a term of commitment that exceeded the statutorily prescribed maximum term. N.C.G.S. § 7B-2513 provides as follows: "No juvenile shall be committed to a youth development center beyond the minimum six-month commitment for a period of time in excess of the maximum term of imprisonment for which an adult . . . in prior conviction level III for misdemeanors could be sentenced for the same offense . . . ." N.C. Gen. Stat. § 7B-2513(a) (2007). J.B. argues that, under this statute, the trial court could have committed J.B. to a youth development center for only 120 days, "[t]he corresponding sentence in adult court." We think it apparent that J.B. misreads the statute, which plainly prevents a trial court from committing a juvenile to a youth development center "beyond the minimum six-month commitment for a period of time in excess of the maximum term of imprisonment for which an adult . . . could be sentenced." Id. (emphasis added). This argument is rejected.
DISMISSED IN PART; AFFIRMED IN PART.
Judges STEPHENS and HUNTER, JR. concur.
Report per Rule 30(e).