BERGER, Judge.
 

 *546
 
 On September 6, 2017, Michael Tyrone Mayo, Jr. ("Defendant") pleaded guilty to felony fleeing to elude arrest. Defendant was sentenced to an active term of seven to eighteen months in prison. On September 14, 2017, Defendant filed a written notice of appeal. Defendant filed a petition for writ of certiorari on May 2, 2018, seeking appellate review on the entry of a civil judgment against him for attorney's fees, and review pursuant to
 
 Anders v. California
 
 ,
 
 386 U.S. 738
 
 ,
 
 87 S.Ct. 1396
 
 ,
 
 18 L.Ed.2d 493
 
 (1967) and
 
 State v. Kinch
 
 ,
 
 314 N.C. 99
 
 ,
 
 331 S.E.2d 665
 
 (1985). We grant Defendant's petition for writ of certiorari, remand for hearing on the issue of attorney's fees, and dismiss the remainder of Defendant's appeal.
 

 *547
 

 Factual and Procedural Background
 

 On June 26, 2017, Defendant was indicted for fleeing to elude arrest by motor vehicle and for resisting a public officer. Defendant pleaded guilty to felony fleeing to elude arrest on September 6, 2017. As part of the plea arrangement, other charges were dismissed. Defendant stipulated to a prior record level of II, and he was sentenced to an active term of seven to eighteen months imprisonment. He was also ordered to pay court costs in the amount of $1,572.50. Defendant filed a notice of appeal on September 14, 2017.
 

 *658
 
 On May 2, 2018, Defendant filed a petition for writ of certiorari alleging Defendant did not have proper notice and opportunity to be heard on the amount of attorney's fees and costs. In the same petition, Defendant argued in the alternative that this Court conduct an independent review of the record pursuant to
 
 Anders v. California
 
 and
 
 State v. Kinch
 
 . Defendant's counsel also filed a brief with this Court pursuant to
 
 Anders
 
 stating that he "has carefully reviewed the transcript, the superior court file, and relevant law," and was "unable to identify an issue with sufficient merit to support a meaningful argument for reversal of [Defendant]'s conviction."
 

 Analysis
 

 "[A] defendant's right to appeal in a criminal proceeding is purely a creation of state statute."
 
 State v. Pimental
 
 ,
 
 153 N.C. App. 69
 
 , 72,
 
 568 S.E.2d 867
 
 , 869 (2002). Section 15A-1444 of the North Carolina General Statutes provides that
 

 (a1) A defendant who has been found guilty, or entered a plea of guilty or no contest to a felony, is entitled to appeal as a matter of right the issue of whether his or her sentence is supported by evidence introduced at the trial and sentencing hearing only if the minimum sentence of imprisonment does not fall within the presumptive range for the defendant's prior record or conviction level and class of offense. Otherwise, the defendant is not entitled to appeal this issue as a matter of right but may petition the appellate division for review of this issue by writ of certiorari.
 

 (a2) A defendant who has entered a plea of guilty or no contest to a felony or misdemeanor in superior court is entitled to appeal as a matter of right the issue of whether the sentence imposed:
 

 *548
 
 (1) Results from an incorrect finding of the defendant's prior record level under G.S. 15A-1340.14 or the defendant's prior conviction level under G.S. 15A-1340.21 ;
 

 (2) Contains a type of sentence disposition that is not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level; or
 

 (3) Contains a term of imprisonment that is for a duration not authorized by G.S. 15A-1340.17 or G.S. 15A-1340.23 for the defendant's class of offense and prior record or conviction level.
 

 ....
 

 (e) Except as provided in subsections (a1) and (a2) of this section and G.S. 15A-979, and except when a motion to withdraw a plea of guilty or no contest has been denied, the defendant is not entitled to appellate review as a matter of right when he has entered a plea of guilty or no contest to a criminal charge in the superior court, but he may petition the appellate division for review by writ of certiorari. If an indigent defendant petitions the appellate division for a writ of certiorari, the presiding superior court judge may in his discretion order the preparation of the record and transcript of the proceedings at the expense of the State.
 

 N.C. Gen. Stat. § 15A-1444 (a1), (a2), (e) (2017).
 

 Defendant's right of appeal was limited to the grounds set forth in Section 15A-1444. Because Defendant pleaded guilty, stipulated his prior record level was II, was sentenced in the presumptive range, and never filed a motion to suppress pursuant to N.C. Gen. Stat. § 15A-979, he has no right to appeal.
 

 However, because Defendant filed a petition for writ of certiorari to conduct an independent review of the record in accordance with
 
 Anders v. California
 
 and
 
 State v. Kinch
 
 , "we will review the legal points appearing in the record, transcript, and briefs, not for the purpose of determining their merits (if any) but to determine whether they are wholly frivolous."
 
 Kinch
 
 ,
 
 314 N.C. at 102-03
 
 ,
 
 331 S.E.2d at 667
 
 . Further, "we must examine any issue that defendant could have possibly raised."
 
 State v. Hamby
 
 ,
 
 129 N.C. App. 366
 
 , 369,
 
 499 S.E.2d 195
 
 , 197 (1998).
 

 Counsel for Defendant has been unable to identify any meritorious issue to support a meaningful argument for reversal of Defendant's
 
 *549
 
 conviction and asks that this Court conduct its own review of the record for
 
 *659
 
 possible prejudicial error. Counsel has shown to the satisfaction of this Court that he has complied with the requirements of
 
 Anders v. California
 
 , and
 
 State v. Kinch
 
 , by advising Defendant of his right to file written arguments with this Court and providing him with the documents necessary to do so.
 

 In his petition for writ of certiorari, Defendant contends that he did not receive notice and an opportunity to be heard on the amount of attorney's fees and costs. After review, we agree.
 

 A criminal defendant may file a petition for a writ of certiorari to appeal a civil judgment for attorney's fees and costs.
 
 State v. Friend
 
 , --- N.C. App. ----, ----,
 
 809 S.E.2d 902
 
 , 905 (2018). The trial court may enter a civil judgment against an indigent defendant following his conviction in the amount of the fees incurred by the defendant's appointed trial counsel. N.C. Gen. Stat. § 7A-455(b) (2017). Before entering monetary judgments against indigent defendants for fees imposed by their court-appointed counsel,
 

 trial courts should ask defendants-personally, not through counsel-whether they wish to be heard on the issue. Absent a colloquy directly with the defendant on this issue, the requirements of notice and opportunity to be heard will be satisfied only if there is other evidence in the record demonstrating that the defendant received notice, was aware of the opportunity to be heard on the issue, and chose not to be heard.
 

 Friend
 
 , --- N.C. App. at ----,
 
 809 S.E.2d at 907
 
 (vacated defendant's civil judgment for attorneys' fees and remanded for further proceedings on that issue).
 

 In the present case, nothing in the record indicated that Defendant understood he had a right to be heard on the issue of attorney's fees, and the trial court did not inform Defendant that he had a right to be heard on the issue. The record reflects that the only mention of attorney's fees took place when the trial court stated "attorney's fees will be reduced to a civil judgment." Defendant was "not informed of the total amount of attorney's fees that would be imposed, nor given an opportunity to personally address the court."
 
 State v. Morgan
 
 , --- N.C. App. ----, ----,
 
 814 S.E.2d 843
 
 , 849 (2018) (vacating defendant's civil judgment imposing costs and attorneys' fees and remanded to the trial court). Accordingly, we vacate the civil judgment for attorney's fees and remand to the trial court for further proceedings on this issue only.
 

 *550
 

 Conclusion
 

 We vacate the civil judgment entered against Defendant by the trial court and remand for hearing on the issue of attorney's fees. The remainder of Defendant's appeal is dismissed.
 

 DISMISSED IN PART; VACATED IN PART AND REMANDED IN PART.
 

 Judges STROUD and DILLON concur.