IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA20-95

Filed: 6 October 2020

Guilford County, No. 15 CRS 91650

STATE OF NORTH CAROLINA

v.

TIMOTHY BAUNGARTNER

Appeal by Defendant from Judgment entered 17 May 2019 by Judge John O. Craig, III in Guilford County Superior Court. Heard in the Court of Appeals 26 August 2020.

> *Attorney General Joshua H. Stein, by Special Deputy Attorney General Laura H. McHenry, for the State.*
>
> *Drew Nelson for the defendant.*

HAMPSON, Judge.

Timothy Baungartner (Defendant)—acting *pro se* at the time—filed two separate written Notices of Appeal from a Judgment entered 17 May 2019 upon Defendant's conviction for Habitual Impaired Driving. In addition, Defendant's appointed appellate counsel has filed a Petition for Writ of Certiorari requesting this Court issue the Writ of Certiorari to permit appellate review of both the 17 May 2019 Judgment and a separate civil order awarding Defendant's trial counsel attorneys'

fees related to the defense of Defendant's case. Relevant to this appeal, the Record before us reflects the following:

### Factual and Procedural Background

On 17 December 2018, Defendant was indicted for Driving While Impaired and Habitual Impaired Driving. Defendant's case came on for a jury trial on 15 and 16 May 2019 in Guilford County Superior Court. At the close of the State's evidence, Defendant's trial counsel moved to dismiss the charges asserting the evidence was insufficient to support the State's charges against Defendant. The Motion to Dismiss was summarily denied. Defendant then presented evidence in his defense. Defendant's trial counsel did not renew the Motion to Dismiss at the close of all the evidence.

The trial court instructed the jury on the charge of Driving While Impaired and submitted that charge to the jury. While the jury was deliberating, the trial court inquired of Defendant's trial counsel whether Defendant would stipulate to the existence of prior Driving While Impaired convictions for purposes of establishing the offense of Habitual Impaired Driving. Defendant's trial counsel replied: "I haven't had a chance to ask him, but I'll do it right now." The jury then returned its verdict finding Defendant guilty of Driving While Impaired.

The trial court released the jury and proceeded to the sentencing phase of the trial. During sentencing, the State presented a Prior Record Level Worksheet

showing Defendant had a Prior Record Level of IV. Included on this worksheet was a listing of fifteen prior convictions, which included three prior convictions for Driving While Impaired. Both Defendant and his trial counsel signed off on this worksheet stipulating to the worksheet calculation, including the listing of prior convictions. The trial court in rendering judgment announced: "Upon my consideration of the . . . record of [Defendant] and his stipulation that he qualifies for habitual felon status with three prior DWIs, the court will arrest judgment on the underlying DWI and will sentence [Defendant] at the bottom of the presumptive range." Additionally, the trial court announced it would reduce the attorneys' fees for Defendant's appointed trial counsel to a civil judgment. The trial court did not inquire of Defendant whether he wished to be heard on the award of attorneys' fees. Defendant's trial counsel did not give oral notice of appeal from the criminal judgment in open court.

On 17 May 2019, the trial court entered its written Judgment against Defendant for Habitual Impaired Driving and sentenced Defendant to 20-33 months incarceration. The same day, the trial court entered a civil judgment against Defendant for attorneys' fees in the amount of $2,094.00. On 24 May 2019, Defendant, acting *pro se*, filed two handwritten Notices of Appeal seeking to appeal his case.

## Issues

This case requires us to resolve three issues: (I) whether this Court should exercise jurisdiction over Defendant's appeal; (II) whether Defendant's trial counsel preserved a challenge to Defendant's conviction for Habitual Impaired Driving; and (III) whether the trial court's failure to directly inquire of Defendant if he wished to be heard on the award of attorneys' fees requires the civil judgment be vacated and the matter remanded to the trial court to perform this required task.

## **Analysis**

### I.     Appellate Jurisdiction

Recognizing Defendant's trial counsel did not give oral notice of appeal in open court and that Defendant's *pro se* Notices of Appeal, although timely, may contain technical defects precluding appellate review of the Habitual Impaired Driving Judgment and, further, Defendant's *pro se* written Notices of Appeal—by failing to specifically identify the civil judgment for attorneys' fees—may be deemed wholly insufficient to permit appellate review of the attorneys' fee award, Defendant's appellate counsel has filed a Petition for Writ of Certiorari with this Court requesting this Court accept jurisdiction of Defendant's appeal of both the criminal conviction and the civil award of attorneys' fees.  For its part, the State acknowledges a number of instances of defective Notices of Appeal in which this Court has issued our Writ of Certiorari to permit appellate review of criminal judgments and civil judgments for

attorneys' fees entwined with a criminal case and, neither opposing nor conceding the point, allows issuance of the writ is within our discretion.

It is evident from the *pro se* handwritten Notices of Appeal—technical defects notwithstanding—at a minimum Defendant intended to timely preserve his right to appeal from his criminal conviction for Habitual Impaired Driving. *See State v. Locklear*, 259 N.C. App. 374, 376, 816 S.E.2d 197, 200 (2018). Moreover, the primary defects in Defendant's Notices of Appeal, as it relates to his criminal conviction, are a failure to identify the court to which appeal is taken and certifying service on the State. On at least one prior occasion, this Court has acknowledged these are not the sorts of defects requiring dismissal of an appeal on a jurisdictional basis. *State v. Miller*, 259 N.C. App. 734, 813 S.E.2d 482, *disc. rev. denied*, 371 N.C. 477, 818 S.E.2d 289 (2018) (unpublished). Rather, if the State does not object, we may deem the appeal properly taken from a jurisdictional standpoint. *Id*. Here, the State raises no objection. Nevertheless, as the adequacy of Defendant's *pro se* handwritten Notices of Appeal, at best, remains questionable, we allow Defendant's Petition for Writ of Certiorari to ensure our appellate jurisdiction over his appeal.

Further, this Court has regularly allowed certiorari in order to correct a trial court's error in failing to directly address a criminal defendant directly and afford a defendant the basic right to be heard prior to entering a civil judgment against that defendant for the attorneys' fees of defense counsel. *See, e.g., State v. Mayo*, 263 N.C.

App. 546, 549, 823 S.E.2d 656, 659 (2019); *see also State v. Friend,* 257 N.C. App. 516, 519, 809 S.E.2d 902, 905 (2018). In our discretion, we allow Defendant's Petition for Writ of Certiorari solely for purposes of ensuring appellate jurisdiction over this matter and to review Defendant's arguments as to both the civil and criminal judgments entered by the trial court.

II.     Error Preservation Related to Habitual Impaired Driving

The sole argument raised by Defendant on appeal challenging his criminal conviction is whether the evidence presented by the State at trial is sufficient to support his conviction for Habitual Impaired Driving. Specifically, Defendant argues the State presented no evidence of prior convictions for Driving While Impaired to support the Habitual Impaired Driving charge during the guilt/innocence phase of the trial, and there is nothing in the Record to establish the State secured any stipulation to prior convictions from Defendant before the case was submitted to the jury. Defendant concedes his trial counsel failed to preserve the issue of the sufficiency of the evidence by failing to renew his Motion to Dismiss at the close of all the evidence. Instead, Defendant requests we invoke N.C.R. App. P. 2 to suspend the rules related to error preservation and reach the merits of this singular issue. We decline to do so. Irrespective of any alleged procedural flaws under which Defendant stipulated to the existence of the requisite prior convictions for Driving While Impaired, the fact remains Defendant and his trial counsel did stipulate to the

existence of these convictions as alleged in the Habitual Impaired Driving Indictment, as part of the sentencing phase of trial, undermining any substantive argument Defendant should not have been sentenced for Habitual Impaired Driving. Moreover, not only did Defendant's trial counsel not renew his Motion to Dismiss, there was also no objection to the process by which the trial court effectively bifurcated the two charges or to the trial court only instructing the jury on the underlying Driving While Impaired charge. Thus, we determine this case does not warrant suspension of the appellate rules under Rule 2 to review the merits of this issue. Therefore, we conclude there was no reversible error in the entry of Judgment against Defendant for Habitual Impaired Driving.

## III.  Civil Judgment for Attorneys' Fees

Defendant next argues the trial court erred by entering a civil judgment against him for his appointed trial counsel's fees without first personally addressing Defendant directly as to whether Defendant wished to be heard on that issue. This Court squarely addressed this very question in *State v. Friend*, where this Court expressly and clearly held: "before entering money judgments against indigent defendants for fees imposed by their court-appointed counsel under N.C. Gen. Stat. § 7A-455, trial courts should ask defendants—personally, not through counsel— whether they wish to be heard on the issue." 257 N.C. App. at 523, 809 S.E.2d at 907. We vacated the civil judgment and remanded the matter to the trial court for the

defendant to be given the opportunity to be heard on the issue. *Id.* Indeed, in *Friend*, we granted certiorari specifically because of the defendant's meritorious argument. *Id.* at 519, 809 S.E.2d at 905. Since *Friend* was decided in 2018, this Court has consistently followed *Friend* vacating civil judgments and remanding for additional proceedings time and time again. *See, e.g.,* *State v. Baker*, 260 N.C. App. 237, 244, 817 S.E.2d 907, 912 (2018); *State v. Bivens*, ___ N.C. App. ___, ___, 830 S.E.2d 702 (2019) (slip op. at 9-10) (unpublished); *State v. Manley*, ___ N.C. App. ___, ___, 845 S.E.2d 206 (2020) (slip op. at 7) (unpublished); *State v. Ray*, ___ N.C. App. ___, ___, 842 S.E.2d 647, 652 (2020); *State v. Melvin*, ___ N.C. App. ___, ___, 834 S.E.2d 452 (2019) (slip op. at 22) (unpublished), *disc. rev. allowed*, 373 N.C. 595, 837 S.E.2d 888 (2020).[1]

Our dissenting colleague reasserts his dissenting view in a recent decision on this issue. *See State v. Mangum*, ___ N.C. App. ___, ___, 840 S.E.2d 862 (2020) (Tyson, J., dissenting). As we understand our colleague's position, it is that Defendant, on the Record before us, has shown no prejudice that would change the result of the civil judgment. That, however, is precisely the point: if a defendant is not provided with the basic due process of any notice and opportunity to be heard on the award of attorneys' fees, a defendant cannot create any record which we could meaningfully

---

[1] This is a selection. The list goes on. Our research reflects over thirty-five cases since *Friend* was decided in 2018 that address this aspect of its ruling in some form or fashion.

review or from which we may ascertain if there is any valid challenge to the award of attorneys' fees.[2]  Therein lies the prejudice.  As our Court recognized in *Friend*, the award of fees to a defendant's trial counsel raises an inherent problem: the interests of appointed trial counsel and a defendant may not be aligned on this issue— including what amount of fees should reasonably be awarded.[3]  *Friend*, 257 N.C. App. at 522-23, 809 S.E.2d 906-07.  Thus, this is one instance in which, in the absence of other evidence a defendant is aware of their right to be heard, we require the trial court to address a defendant directly rather than relying on trial counsel to either inform their client of this right or to lodge any objection to the award of their own fees.  *See id.*  This is done for the express purpose of permitting meaningful appellate review and ensuring a defendant understands the right to be heard on this issue before a civil judgment is entered against that defendant.  *Id.*

Here, as our dissenting colleague points out, it does appear Defendant was in the courtroom and had not yet been remanded into custody when the trial court simply announced "[a]nd I will let the attorney fee and the court costs go to a civil judgment."  Indeed, this was done during the trial court's rendering of its sentence.  Our dissenting colleague is also correct that in the preamble to the pre-printed form

---

[2] Our dissenting colleague assumes there is not.

[3] This also perhaps informs our practice of allowing appellate counsel to seek review of this issue through issuance of the Writ of Certiorari rather than relying on trial counsel to themselves file a separate Notice of Appeal from an award of their own attorneys' fees or expecting trial counsel to inform an indigent defendant of the requirement to file a separate written Notice of Appeal from the civil judgment.

(AOC-CR-225) used to enter judgment against indigent defendants for their trial attorney's fees and utilized in this case, it does in fact recite: "After due notice to the defendant named on the reverse and opportunity to be heard . . .." Notably, however, this form does not actually require the trial court to affirmatively make any such finding—for example, by checking a box as is done on other such forms—but is simply a blanket recitation.[4]

Moreover, this recitation is incongruous with the Record before us. There is no indication in either the transcript or in the Record of proceedings prior to the entry of the civil judgment that Defendant was, in fact, apprised of his right to be heard or given the opportunity to be heard on the entry of judgment against him for appointed counsel's fees.[5] Nor did the trial court, in the absence of other evidence, make a direct inquiry of Defendant. In light of our prior precedent, we vacate the civil judgment

---

[4] Also, nowhere on the pre-printed application is trial counsel required to certify the defendant was advised of their opportunity to be heard on this issue. Perhaps one way to assist in preventing the seemingly endless string of appeals on this issue and alleviate the additional burdens placed on trial judges, counsel, and the parties to these civil judgments would be to revise the form to require trial counsel to certify the defendant has been informed of their right to be heard on the award of attorneys' fees (and, indeed, of their right to file a separate notice of appeal from this award) and for the trial judge to make this finding by affirmatively checking a box on the form. On one hand, this would evidence such a specific finding applicable to the specific case and, on the other, serve as a cue to trial counsel to ensure there is, in fact, evidence in the record in support of this finding "demonstrating Defendant was aware of the opportunity to be heard" to support the application for their claim for attorneys' fees. *Friend*, 257 N.C. App. at 523, 809 S.E.2d at 907.

[5] The dissent also correctly points out in the Affidavit of Indigency completed by an indigent defendant to obtain an appointed attorney, it states the affiant "may be required to repay the cost of your lawyer" and the trial court "may also enter a civil judgment against you[.]" Nobody questions the fact an indigent defendant—put in the position of applying for court-appointed counsel or facing serious criminal charges without representation—accepts this as a condition of the appointment. However, nowhere in this notice does it actually inform an indigent defendant they have a right to be heard prior to the entry of any such possible civil judgment.

and remand for further proceedings consistent with *State v. Friend* to either provide Defendant an opportunity to be heard directly on this issue or for the introduction of "other evidence in the record demonstrating that the defendant received notice, was aware of the opportunity to be heard on the issue, and chose not to be heard." *Id. at* 523, 809 S.E.2d at 907.

In so doing, we acknowledge our colleague's concern that having to repeatedly remand these cases for such additional proceedings is inefficient and creates an unnecessary burden on our trial courts. The potential, however, for unjustly depriving any person of this basic due process right to notice and an opportunity to be heard outweighs any inefficiency caused by the process of remanding these matters back to the trial court. Otherwise, the remedy is simple. Prior to entry of the civil judgment, trial counsel and trial courts should, consistent with *Friend*, ensure there is evidence in the Record demonstrating a defendant was given the opportunity to be heard directly on the fee award or was otherwise given notice of the opportunity to be heard and declined to exercise that right.

## Conclusion

Accordingly, for the foregoing reasons, we conclude there was no reversible error in Defendant's criminal trial. However, we vacate the trial court's civil judgment for attorneys' fees and remand this matter for further proceedings on the award of attorneys' fees consistent with *State v. Friend.*

NO ERROR IN PART; VACATED IN PART AND REMANDED.

Judge BROOK concurs.

Judge TYSON dissents in a separate opinion.

No. COA20-95 – *State v. Baungartner*

TYSON, Judge, dissenting.

It is undisputed and we all agree Defendant waived any statutory right to appeal the underlying issue he now purports to raise due to his failure to renew his motion to dismiss at the close of all the evidence. Rule 21 of the North Carolina Rules of Appellate Procedure does not set forth the grounds Defendant asserts to issue the requested writ. N.C. R. App. P. 21. With no showing of either merit or prejudice, Defendant has shown no basis to grant his PWC or for this Court to exercise our discretion to invoke Rule 2 to suspend the Rules of Appellate Procedure to issue the writ. N.C. Gen. Stat. § 15A-1444(e) (2019).

## I. Failure to Renew Motion at the Close of all Evidence

Defendant asserts this Court should overturn his jury's conviction and judgment for habitual impaired driving. At the close of the State's case, Defendant's

counsel moved to dismiss the charges against him. Defendant then called a witness to testify for his defense. Defendant's counsel failed to renew his motion to dismiss after he rested his case at the close of all of the evidence.

"In a criminal case, a defendant may not make insufficiency of the evidence to prove the crime charged the basis of an issue presented on appeal unless a motion to dismiss the action, or for judgment as in case of nonsuit, is made at trial." N.C. R. App. P. 10(a)(3). Defendant failed to renew his objection after he had introduced evidence. A "waiver precludes the defendant from urging the denial of such a motion as a ground for appeal." *Id.*

Appellate Rule 10(a)(3) further provides: "if a defendant fails to move to dismiss the action, or for judgment as in case of nonsuit, at the close of all the evidence, defendant may not challenge on appeal the sufficiency of the evidence to prove the crime charged." *Id.* Defendant and the majority's opinion concede he is procedurally barred from attacking the sufficiency of the evidence to support his conviction on that charge, due to his failure to renew his motion at the conclusion of all evidence at trial.

Defendant and his trial counsel also stipulated to three prior DWI convictions as alleged in the Habitual Impaired Driving indictment, as part of the sentencing phase of trial. In addition to failing to renew his motion to dismiss at the close of all evidence, his prior convictions and knowing stipulation undermine any substantive

argument on merit or prejudice asserting Defendant should not have been sentenced for Habitual Impaired Driving. Defendant's meritless PWC and purported appeal are properly dismissed. *Id.*

Defendant is also seeking discretionary review of his *civil judgment* in the same PWC. Defendant's assertions challenging his civil judgment are also wholly frivolous and fail to demonstrate either merit or prejudice to invoke and allow discretionary review. I vote to deny Defendant's PWC and to dismiss his arguments. I respectfully dissent.

## II. Violations of Appellate Rules

North Carolina appellate courts have repeatedly held: "It is not the role of the appellate courts to create an appeal for an appellant. . . . Our Supreme Court previously stated that the Rules of Appellate Procedure must be consistently applied; otherwise, 'the Rules become meaningless, and an appellee is left without notice of the basis upon which an appellate court might rule.'" *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 192 N.C. App. 114, 118-19, 665 S.E.2d 493, 497-98 (2008) (quoting *Viar v. N.C. Dep't of Transp.*, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005)); *see also State v. Bursell*, 372 N.C. 196, 198-99, 827 S.E.2d 302, 304 (2019) ("[T]he Rules of Appellate Procedure are mandatory and not directory and the failure of the parties to comply with the rules, and failure of the appellate courts to demand compliance therewith, may impede the administration of justice.").

Defendant and the majority's opinion disregard our Court's long-standing policies, procedures, precedents, and rules by his asserting and by this Court allowing his PWC to review a wholly frivolous argument with no demonstrated merit or prejudice and no potential change in the outcome upon remand.

### III. No Merit

We all agree Defendant filed defective notices of appeal and failed to serve them. With no right of appeal, Defendant filed a PWC to invoke appellate jurisdiction. For almost a century, our Supreme Court has held: "*Certiorari* is a discretionary writ, to be issued for good and sufficient cause shown, and it is not one to which the moving party is entitled as a matter of right." *Womble v. Gin Co.*, 194 N.C. 577, 579, 140 S.E. 230, 231 (1927) (citations omitted).

To warrant consideration of a PWC, our Supreme Court also held Defendant's "petition for the writ must show merit, or that error was probably committed below." *State v. Grundler*, 251 N.C. 177, 189, 111 S.E.2d 1, 9 (1959) (citation omitted). Without threshold allegations of both merit and prejudice, review by certiorari is not available to Defendant by rule, statute, or by precedents. *Id.*; N.C. Gen. Stat. §§ 15A-1443, 15A-1444(g); N.C. R. App. P. 21.

Defendant's frivolous PWC is purely form over substance, alleges no potential merit, asserts no prejudice, nor offers any probability of a different result upon remand. Defendant's meritless and non-prejudicial PWC is properly denied.

The majority's opinion does not attempt to distinguish the rules and precedents above, cites no basis or merit to allow the petition, fails to identify any prejudice suffered by Defendant, and does not forecast nor compel any different result upon remand. Their result compels the superior court to waste time, needlessly engage in an exercise of utter futility, expend scarce public resources, and to potentially increase costs to Defendant.

After Defendant is given further notice and opportunity to be heard on the imposition of the civil judgment for attorney fees for $2,094.00, the trial court can and should re-enter the civil judgment Defendant expressly agreed to pay and did not contest. Also, an additional civil judgment should be entered against Defendant for the time spent by his appointed trial counsel to prepare, re-appear, and re-present the original and an additional sheet for time spent to appear for the unnecessary hearing upon remand.

In contrast to the facts in *State v. Friend*, Defendant fails to assert any arguments towards the quality of service appointed counsel rendered or to challenge the calculation of hours for services provided or the fees earned by his requested and court-appointed counsel. *See State v. Friend*, 257 N.C. App. 516, 521, 809 S.E.2d 902, 906 (2018).

This review of a wholly frivolous PWC and remand to the superior court is a waste of scarce and valuable judicial resources during a time when other pressing

cases and matters are delayed due to closures and restrictions from the ongoing COVID-19 pandemic. Order of the Chief Justice of North Carolina, (15 Sept. 2020), https://www.nccourts.gov/news/tag/press-release/chief-justice-beasley-issues-order-extending-several-existing-emergency-directives.

### IV. <u>Notice</u>

Defendant was represented at trial by a court-appointed attorney he requested. Prior to his attorney's appointment, Defendant would have completed and filed an Affidavit of Indigency, Form AOC-CR-226. This form states, in bold lettering and a larger font:

> **A court-appointed lawyer is not free. If you are convicted or plead guilty or no contest, you may be required to repay the cost of your lawyer as a part of your sentence. The Court may also enter a civil judgment against you, which will accrue interest at the legal rate set out in G.S. 24-1 from the date of the entry of judgment. Your North Carolina Tax Refund may be taken to pay for the cost of your court-appointed lawyer. In addition, if you are convicted or plead guilty or no contest, the Court must charge you an attorney appointment fee and may enter this fee as a civil judgment against you pursuant to G.S. 7A-455.1.**

*See* N.C. Gen. Stat. § 7A-455.1 (2019).

Defendant expressly requested, agreed to, and was on notice of his liability for payment of attorney fees as a consequence of his guilty plea or verdict to be entered as a civil judgment. The majority's opinion's inapplicable notice requirement from *Friend* is inconsistent with the facts before us and is not as expansive as their opinion asserts. *See Friend*, 257 N.C. App. at 523, 809 S.E.2d at 907 ("Our holding today does not announce a new rule of constitutional law. The requirement that defendants be afforded notice and an opportunity to be heard before imposition of a civil judgment for attorneys' fees was established in *Jacobs* and *Crews*.").

Defendant's prior notice, knowledge, lack of challenge, and consent to entry of the civil judgment for the fees incurred by his appointed attorney after his express requests and acceptance of benefits obviates merit or prejudice from entry of the civil judgment. The holding in *State v. Friend* and the other cases cited by the majority do not control the outcome here, where the averments in Defendant's PWC asserts no merit or potential prejudice. *Id.*

Under different and more egregious facts, this Court in *Friend* only stated, "trial courts *should* ask defendants. . . *only if* there is [not] other evidence in the record demonstrating that the defendant received notice, was aware of the opportunity to be heard on the issue, and *chose not to be heard*." *Id.* (emphasis supplied). It is undisputed that Defendant was in court when his counsel presented the attorney fee application.

The AOC-CR-225 Judgment Form signed by the trial court contains the following findings: "After due notice to the defendant named on the reverse and opportunity to be heard." Defendant fails to challenge these findings, which are binding upon appeal. He contracted for and became civilly liable upon a guilty verdict. The trial court found notice and Defendant was aware of his right to be heard by the trial court regarding the imposition of the civil judgment for attorney fees and stood mute. Defendant agreed in writing that if he pled guilty or was found guilty, he was liable to pay his attorney fees, was present in court when the fee petition was presented and discussed, "and chose not to be heard." *Id.*

Defendant "chose not to be heard" by the trial court upon the imposition of a civil judgment for fees he expressly agreed to pay, and fails to challenge the Court's written findings of fact. The holding in *State v. Friend* is inapplicable. *Friend*, 257 N.C. App. at 523, 809 S.E.2d at 907.

## V. Conclusion

We all agree Defendant failed to assert or file valid notices of appeal or to serve the State. N.C. R. App. P. 3 ("requiring written notice of appeal in a civil matter"). Defendant concedes he is procedurally barred from attacking the sufficiency of the evidence to support his conviction for Habitual Impaired Driving. He failed to renew his motion at the conclusion of his evidence at trial. N.C. R. App. P. 10(a)(3). He also

stipulated to three prior DWI convictions to support the underlying criminal judgment.

Defendant's PWC "must show merit or that error was probably committed below." *Grundler*, 251 N.C. at 189, 111 S.E.2d at 9 (citation omitted). These standards mandate a PWC to be "issued only for good and sufficient cause shown." *Id.* (citation omitted). Absent Defendant's mandatory duty to "show merit" or probable prejudicial "error," there is no "good and sufficient cause shown to issue" the PWC. *Id.* Defendant has not demonstrated merit or prejudice in his PWC.

Defendant was informed and agreed appointed counsel was not free counsel. He specifically requested and is liable to pay for his counsel's fees. N.C. Gen. Stat. § 7A-455.1; *see* Form AOC-CR-226 (Affidavit of Indigency). He expressly agreed to pay his attorney's fees in the event he pled or was found guilty. *Id.*

Defendant was present in court when the fee application was presented and was ordered to pay his attorney fees after sentencing. The civil judgment specifically states it is entered"[a]fter due notice to the defendant named. . . and opportunity to be heard." Defendant was free to question or challenge, but stood mute and failed to do so when the amount of counsel's fees and his liability for this *civil* judgment was discussed and entered, and he "chose not to be heard." *Friend*, 257 N.C. App. at 523, 809 S.E.2d at 907.

*TYSON, J., dissenting*

Defendant's defective and frivolous PWC asserts no prejudice of how the result will differ upon remand, except for his appellate counsel to subject Defendant to an even higher civil judgment for his appointed trial counsel's fee to prepare for and appear at a wholly unnecessary hearing upon remand. Defendant's PWC is properly denied under our statutes, rules, procedures, and precedents. His frivolous assertions are properly dismissed.

Unlike in *Friend*, Defendant offers no challenge to the quality of counsel's services or to the proper calculation of his agreed-upon fees. The PWC does not challenge the trial court's written findings of fact. The civil judgment finds Defendant received notice and an opportunity to be heard, "chose not to be heard," and did not assert any merit or prejudice. The majority's opinion does not state any prejudice to Defendant.

Scarce judicial resources and taxpayer funds are wasted with these frivolous purported appeals and unnecessary remands, which show no jurisdiction, assert no merits, and result in no prejudice. The trial court should enter the same civil judgment of $2,094.00 upon remand, plus a judgment for any new fees incurred by trial counsel for preparing for and attending that hearing.

I vote to deny Defendant's PWC and dismiss his arguments. I respectfully dissent.