IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-18

No. COA19-1063

Filed 16 February 2021

Burke County, No. 18 CRS 1344

STATE OF NORTH CAROLINA

v.

SHAWN DUPREE CORPENING, Defendant.

Appeal by Defendant from judgment entered 14 May 2019 by Judge Joseph N. Crosswhite in Burke County Superior Court. Heard in the Court of Appeals 27 January 2021.

*Attorney General Joshua H. Stein, by Assistant Attorney General Scott K. Beaver, for the State.*

*Guy J. Loranger for Defendant-Appellant.*

INMAN, Judge.

Shawn DuPree Corpening ("Defendant") seeks review of a civil judgment entered against him for attorney's fees. We allow the state's motion to dismiss Defendant's appeal but grant Defendant's petition for writ of certiorari and vacate and remand the judgment of attorney's fees.

## I.    FACTUAL & PROCEDURAL HISTORY

Defendant    pled    guilty    to    possession    of    cocaine    and    possession    of

methamphetamine on 14 May 2019. As part of a plea arrangement, the State refrained from indicting Defendant as a habitual felon and dismissed all other charges against him. At the plea hearing, the trial court conducted a plea colloquy and then addressed defense counsel asking, "How much time do you have in this?" Counsel replied "9.5 hours." The trial court accepted Defendant's plea and sentenced Defendant to two consecutive active terms of seven to 18 months each. In addition, the trial court ordered Defendant to pay $570 in attorney's fees and a $60 appointment fee.

¶ 3     Defendant, acting *pro se*, filed written notice of appeal on 22 May 2019. His handwritten notice read: "Shawn D. Corpening hereby gives notice of appeal in the *above captioned case* to the North Carolina Court of Appeals. This the 22nd day of May, 2019." (emphasis added). Though Defendant did not designate the specific order or judgment from which he appealed, he only intended to appeal the *civil* judgment against him for attorney's fees.[1] Defendant, concurrently with his brief, filed a

---

[1] Defendant does not appeal the *criminal* judgments entered against him on 14 May 2019 nor the orders denying his writ of habeas corpus or motion to dismiss, entered 6 June 2019 and 18 June 2019, respectively.

petition for writ of certiorari seeking review under North Carolina Rule of Appellate Procedure 21 in the event his notice of appeal does not comply with the jurisdictional mandates of North Carolina Rule of Appellate Procedure 3(d). The State moved to dismiss Defendant's appeal for jurisdictional defect on 10 August 2020.

## II. ANALYSIS

*A. State's Motion to Dismiss*

Civil judgments for attorney's fees require a defendant to comply with Rule 3 of the North Carolina Rules of Appellate Procedure. *See State v. Smith*, 188 N.C. App. 842, 845-46, 656 S.E.2d 695, 697 (2008) (citing *State v. Jacobs*, 361 N.C. 565, 566, 648 S.E.2d 841, 842 (2007)). Rule 3(d) provides, in relevant part, "[t]he notice of appeal . . . *shall designate the judgment or order* from which appeal is taken." N.C. R. App. P. 3(d) (2021) (emphasis added). Failure to designate the order or judgment from which appeal is taken constitutes a jurisdictional defect that cannot be waived. *In re A.V.*, 188 N.C. App. 317, 321, 654 S.E.2d 811, 814 (2008) (dismissing an appeal of a juvenile's disposition order for failure to comply with Rule 3(d) because the notice of appeal only designated error in the adjudication order, not in the disposition order) (citing *Johnson & Laughlin, Inc. v. Hostetler*, 101 N.C. App. 543, 546, 400 S.E.2d 80, 82 (1991)).

Here, Defendant appeals only from the civil judgment of attorney's fees, but his handwritten notice of appeal refers broadly to "the above captioned case" and does not distinguish between the civil and criminal judgments against him, in violation of Rule 3(d). In his petition, Defendant also concedes "the notice fails to state whether [Defendant] appealed from the criminal and/or civil judgments entered against him." Therefore, we allow the State's motion to dismiss and now consider Defendant's petition for writ of certiorari.

## B. *Defendant's Petition for Writ of Certiorari*

"The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when the right to prosecute an appeal has been lost by failure to take timely action." N.C. R. App. P. 21(a)(1). Though the State contends that Defendant did not have a statutory right to appeal the civil judgment, N.C. Gen. Stat. § 7A-27(b)(1) provides a defendant the right to appeal "from *any* final judgment of a superior court, other than one based on a plea of guilty or nolo contendere." (emphasis added). "A criminal defendant may file a petition for a writ of certiorari to appeal a civil judgment for attorney's fees and costs." *State v. Mayo*, 263 N.C. App. 546, 549, 823 S.E.2d 656, 659 (2019) (citing *State v. Friend*, 257 N.C. App. 516, 519, 809 S.E.2d 902, 905 (2018)).

¶ 7      Defendant indeed had a statutory right to appeal the civil judgment against him. Although he lost that right because his notice of appeal was defective, we are satisfied that Defendant was "diligent in prosecuting the appeal" by providing his written notice. *State v. Moore*, 210 N.C. 686, 691, 188 S.E. 421, 424 (1936) (requiring "diligence in prosecuting the appeal" and "merit, or that probable error was committed below" on an application for certiorari) (citation omitted). Also, as explained below, Defendant's argument on the issue of attorney's fees is meritorious. In our discretion, we allow the petition and issue the writ of certiorari to review the civil judgment of attorney's fees.

*C. Attorney's Fees*

¶ 8      We now address Defendant's sole argument on appeal—that the trial court erred by failing to provide him notice and the opportunity to be heard regarding the fees and hours worked by his attorney. The State's brief does not address the merits of this issue.

¶ 9      "[A] trial court may enter a civil judgment against a convicted indigent defendant for the amount of fees incurred by the defendant's court-appointed attorney." *State v. Jacobs*, 172 N.C. App. 220, 235, 616 S.E.2d 306, 316 (2005). However, a defendant is entitled to notice and the opportunity to be heard before

costs—including an attorney's fee—can be entered. *State v. Webb*, 358 N.C. 92, 101, 591 S.E.2d 505, 513 (2004). "[T]rial courts should ask defendants—personally, not through counsel—whether they wish to be heard on the issue." *Friend*, 257 N.C. App. at 523, 809 S.E.2d at 907.

Here, the record reveals that the trial court did not provide Defendant notice of the fees to be paid for his counsel or an opportunity to be heard on the issue, such as the number of hours counsel worked or the appointment fee. We vacate the imposed civil judgment of attorney's fees and remand for further proceedings. *Jacobs*, 172 N.C. App. at 236-37, 616 S.E.2d at 317; *see also Friend*, 257 N.C. App. at 523, 809 S.E.2d at 907.

### III.    CONCLUSION

We vacate the trial court's order of attorney's fees and remand for further proceedings not inconsistent with this opinion.

VACATED AND REMANDED.

Judges COLLINS and GRIFFIN concur.